(107 App. Div. 543.)

## FRALICK v. LYFORD et al.

(Supreme Court, Appellate Division, Third Department. September 26, 1905.)

1. WILLS—TESTAMENTARY TRUST—ABSOLUTE GIFT.

A pecuniary bequest to an unincorporated society, to be used by it in such manner as it may deem most expedient for the development and advancement of Spiritualism in a certain town, was an absolute gift to the society, and did not create a trust for the benefit of the object specified, of which the society was trustee.

2. CHARITIES—RELIGIOUS BEQUESTS—STATUTES—APPLICATION.

Laws 1893, p. 1748, c. 701, declaring that no bequest to religious, charitable, or benevolent uses, in other respects valid, shall be deemed invalid by reason of uncertainty of the persons designated as beneficiaries, etc., has no application to an absolute gift to an unincorporated religious society, which did not constitute a trust for a particular purpose.

3. WILLS—CAPACITY TO TAKE BEQUEST—ASSOCIATIONS.

An unincorporated voluntary association, organized for the furtherance of Spiritualism, is incapable of taking a direct bequest.

[Ed. Note.—For cases in point, see vol. 4, Cent. Dig. Associations, § 24; vol. 49, Cent. Dig. Wills, § 19.]

Appeal from Trial Term, Tioga County.

Action by Ransom Fralick, as president of the Progressive Spiritualists' Association of Waverly, N. Y., against Fred E. Lyford and another, as executors of the will of James R. Park, deceased. From a judgment for plaintiff, defendants appeal. Reversed.

Under the will of the testator, James R. Park, he bequeathed $5,000 to "the Progressive Spiritual Society of Waverly, N. Y., to be used by the said society in such manner as it may deem most expedient for the development and advancement of spiritualism at Freeville, Tompkins county, N. Y." He left a sufficient estate to pay all his debts and all the legacies under his will, including the one in question. The executors having refused to pay such legacy of $5,000, and more than a year having elapsed since letters testamentary were issued to them, this action was brought to recover the amount thereof, with interest. The plaintiff has had judgment for that amount, and the defendants appeal. Ever since May 14, 1895, the Progressive Spiritualists' Association of Waverly, Tioga county, N. Y., has been a voluntary unincorporated religious association, consisting of seven or more persons and having its principal office or place of business and place of meeting at Waverly, N. Y., and plaintiff is its president. He brings this action in his name as such president against the executors of the will. It is conceded that the testator, by the use of the words "the Progressive Spiritual Society of Waverly, N. Y.," in his will, intended to designate the association of which the plaintiff is president. That association received a charter from the National Spiritualists' Association of the United States in 1896, and said National Association was and is a corporation organized under the laws of the District of Columbia. Under said charter the plaintiff's association is constituted a part of said National Association, and is invested with local jurisdiction at Waverly, N. Y., and is "to be composed of lay members of itself and associated for the purpose of conducting local meetings and promulgating the cause of Spiritualism," and is also invested with the powers and privileges accorded like associations under the constitution of the National Spiritualists' Association. Such constitution provides that the trustees shall also be empowered to collect and accept funds and bequests in the name of the association, and empowers the association to receive donations, contributions, and bequests. There is also a Central New York Spiritual Association, which was incorporated at the time of the execution of the will but which since the making of said will, and prior to the testator's death, has been organized as a corporation under the laws of New York, and which has for many years maintained a

camp-meeting ground and auditorium at Freeville, Tompkins county, and held meetings there regularly every year. The testator frequently attended such meetings and was a stockholder in such corporation, and there is no other association or organization of Spiritualists at Freeville, nor any other organization carrying on Spiritualistic meetings or work there.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Reynolds, Stanchfield & Collin, for appellants.
King, Waters & Page, for respondent.

CHESTER, J. The respondent seeks to sustain the judgment appealed from by invoking the aid of chapter 701, p. 1748, of the Laws of 1893, but in my opinion that law does not apply to the facts shown here, for the reasons that the bequest appears on its face to be an absolute one and no trust is attempted to be created by the provision in question. The trial court has, however, found that a trust was created as to the legacy and that the association of which the plaintiff is president has full legal power to take and hold the same, either absolutely or in trust, and has therefore awarded the plaintiff a money judgment for the amount thereof. The act of 1893 is one to regulate gifts for charitable purposes, and clearly relates only to gifts in trust for such purposes. The legacy is not expressed to be in trust. It is given directly to the "Progressive Spiritual Society of Waverly, N. Y." The parties agree that the testator intended by this language to designate the association of which the plaintiff is president. It is not, however, named as a trustee for any one or for any purpose. The legacy is expressly stated to be used in such manner as the society may deem expedient. It is true that it is stated to be given to it "for the development and advancement of Spiritualism at Freeville," but no persons or beneficiaries are named among whom this development or advancement is to be made. At most it is a gift for a cause, without naming any person or body as cestuis que trust, who is to be the recipient of the benefits sought to be given. There is nothing in the will showing that the testator desired the plaintiff's association to use the legacy through the agency or for the benefit of the Central New York Spiritual Association, of which he was a stockholder, and which has heretofore maintained a camp meeting and held meetings at Freeville. On the contrary, that association is not mentioned in the will, and the legacy, if valid, could be applied, if the plaintiff's association deemed expedient, in any other way or through any other agency for the promotion of Spiritualism there. The will provides no method of applying either the principal or the income of the fund for the development and advancement of Spiritualism at Freeville, except that society or association may apply it for that purpose "in such manner as it may deem most expedient." It seems to me that under the authorities such a bequest does not create a trust, and, if valid, must be held to be intended as an absolute one. See Matter of Griffin, 167 N. Y. 71, 60 N. E. 284; Bird v. Merklee, 144 N. Y. 544, 39 N. E. 645, 27 L. R. A. 423; Wetmore v. Parker, 52 N. Y. 450. If the gift was intended to be an absolute one to the plaintiff's society, the act of 1893 cannot be invoked to save it, because, as has

been stated, that act applies only to gifts in trust for the purposes specified in the law.

There is still another reason why this judgment cannot be sustained. The society of which the plaintiff is president is an unincorporated voluntary association or society, and therefore is incapable of taking a direct bequest to it. White v. Howard, 46 N. Y. 144; Sherwood v. American Bible Society, *40 N. Y. 561; Fairchild v. Edison, 154 N. Y. 199, 48 N. E. 541, 61 Am. St. Rep. 609; Murray v. Miller, 178 N. Y. 316, 70 N. E. 870. No authority has been called to my attention holding directly that the act of 1893 changed the rule laid down in the cases last above cited and in many kindred cases, except Matter of Fitzsimmons, 29 Misc. Rep. 731, 62 N. Y. Supp. 1009; but in that case the learned surrogate contented himself simply with the expression of his opinion that under the provisons of the law of 1893 the fact that a religious or charitable society was unincorporated did not prohibit it from taking an absolute bequest to it. It seems to me that there is nothing in the statute that warrants the conclusion he reached. The statute saves a gift for religious, educational, charitable, or benevolent uses from being invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries, and provides that if, in the instrument creating the gift there is a trustee named to execute the same, the legal title to the property shall vest in such trustee, and that, if no person be named as trustee, then the title shall vest in the Supreme Court; but nowhere in the statute does it assume to give an unincorporated association power to take or hold such a bequest, either absolutely or as a trustee. For this reason it seems clear that the long line of decisions made before the enactment of the statute are still to be given full force, and under which the plaintiff's society is incapable of taking the legacy in question.

Even if I am wrong in my conclusion that the legacy in question is not given in trust, and even if it could properly be held that by the will the legacy is given to the plaintiff's society in trust for the benefit of some unnamed persons at Freeville, among whom the testator desired to promote the cause of Spiritualism, that society, being an unincorporated body, is incapable under the law of acting as such trustee. Nor does its charter assume to give it any power to do so. Neither the society, therefore, nor the plaintiff as its president, can maintain this action to compel the payment of the amount of the legacy.

The judgment should be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur; SMITH, J., in result, in opinion in which CHASE, J., concurs.

SMITH, J. (concurring). Under the liberal interpretation of the act of 1893, which the courts have adopted, I think the will contains a trust for the purpose of sustaining the Spiritualistic meetings held at Freeville under the auspices of the Central New York Spiritual Association. While I agree that the Progressive Spiritual Society of Waverly, N. Y., is not authorized to act as trustee under the act mentioned, the trust, though indefinite, should nevertheless be executed under the supervision of the court by a trustee to be appointed.

CHASE, J., concurs.