### WASHBURN et al. v. ACOME et al.

(Supreme Court, Trial Term, Saratoga County. November 15, 1911.)

1. WILLS (§ 439*)—CONSTRUCTION—INTENTION OF TESTATOR.

In the construction of a will, it is the duty of the court to uphold the intention of the testator, if possible.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 955; Dec. Dig. § 439.*]

2. RELIGIOUS SOCIETIES (§ 16*)—CAPACITY TO TAKE BEQUEST—UNINCORPORATED RELIGIOUS SOCIETY.

An unincorporated religious society cannot take by devise.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 103–108; Dec. Dig. § 16.*]

3. PERPETUITIES (§§ 6, 8*)—"SUSPENSION OF ABSOLUTE POWER OF ALIENATION."

Under Real Property Law (Consol. Laws 1909, c. 50) § 42, which provides that the absolute power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed, and that every future estate shall be void in its creation which

suspends the absolute power of alienation for longer than two lives in being at the creation of the estate, a devise in trust for an unincorporated religious society incapable of taking by devise, with a disposition over to a substituted devisee if the society was incapable of taking within one year and 11 months after the probate of the will, is void as a suspension of alienation for a definite period not dependent upon the term of human lives.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 19, 33, 45, 50, 62; Dec. Dig. §§ 6, 8.*]

4. PERPETUITIES (§ 8*)—SUSPENSION OF ABSOLUTE POWER OF ALIENATION—GIFT TO CORPORATION TO BE FORMED.

Property given by will to a corporation to be formed after testator's death can only be upheld where the incorporation is directed to take place within the limits of two specified lives.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. § 62; Dec. Dig. § 8.*]

5. PERPETUITIES (§ 8*)—SUSPENSION OF ABSOLUTE POWER OF ALIENATION—GIFT TO CORPORATION TO BE FORMED—SUBSTITUTED TRUSTEE.

Testator devised real estate to trustees in trust to convey to the Church of S., such church being an unincorporated society and hence incapable of taking by devise, and further directed that, in case the Church of S. should still be incapable of taking 23 months after probate of the will, the trustees should convey to the Church of M. *Held*, that the trust for the Church of S. being void because of the incapacity of the society to take and because of the invalidity of the clause authorizing the trustees to hold for a definite time, not measured by lives, to permit of incorporation, and such invalidity being apparent at the instant of testator's death, there was no such uncertainty as to the right of the Church of M. as devisee as would suspend the power of alienation, nor was there any such suspension by the creation of a trust; the trust not being one permitted by Real Property Law (Consol. Laws 1909, c. 50) § 96, limiting the purposes for which trusts may be credited.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. § 62; Dec. Dig. § 8.*]

6. TRUSTS (§ 132*)—INVALID TRUST—VALIDITY AS POWER IN TRUST.

Under Real Property Law (Consol. Laws 1909, c. 50) § 99, which provides that no estate shall vest in the trustees where an express trust relating to real property is attempted to be created for any purpose not specifically allowed, but that a trust directing the performance of any act which may be lawfully performed under a power shall be valid as a power in trust, and that, where a trust is valid as a power, the title to the real property to which it relates shall remain in the persons otherwise entitled, subject to the execution of the trust as a power, the only duties of trustees to whom real and personal property had been devised upon a trust to convey which has absolutely failed are those devolving on the donees of a power, and they are required to convey to the party otherwise entitled thereto.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 176; Dec. Dig. § 132.*]

7. TRUSTS (§ 132*)—INVALIDITY—VESTING OF LEGAL TITLE IN BENEFICIAL OWNER.

A testamentary trust to convey real property to a designated person being void as not specifically permitted by the statute, the title passes at once to the person entitled to the conveyance, irrespective of any conveyance by the trustee.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 176; Dec. Dig. § 132.*]

Action by John Washburn and another, as executors and trustees under the last will and testament of John W. Stewart, deceased, against John Acome, as treasurer of the Church of the Good Shepherd, and others to obtain a construction of the will and a determination as to the validity of certain provisions thereof.　Will construed.

Willard J. Miner, for plaintiffs.

Archie C. Taylor, for defendant Church of the Messiah.

Frank D. Morehouse, for defendant Stewart.

J. A. KELLOGG, J.　This action involves the construction and validity of a clause in the last will and testament of John W. Stewart, deceased, which is as follows:

"Fifth: I give, devise and bequeath to the Trustees hereinafter named, for the uses and purposes herein set forth, the following real estate, chattels real, and its and their rents, issues and income, *all* that certain lot and premises and appurtenances thereto belonging known as lot No. 29 Main Street, in the Village of South Glens Falls, Saratoga County, New York, in and upon which the Village Lockup is situated at present, and which said lot and appurtenances are incumbered by a certain indenture of mortgage in the principal sum of One Thousand one hundred and fifty dollars ($1,150,) and I will and direct that the said trustees convey said lot, premises and the appurtenances thereto belonging, by a good and sufficient deed of conveyance to the Episcopal Church, called and known as 'The Church of the Good Shepherd,' located in the Village of South Glens Falls, Saratoga County, New York, subject to said indenture of mortgage, and which said mortgage and the bond accompanying the same, the said 'Church of the Good Shepherd' must assume and agree to pay and save the rest, residue and remainder of my estate harmless from or on account of said mortgage and the bond accompanying the same.

"And I also give, devise and bequeath to the Trustees hereinafter named, all that other certain lot, premises and appurtenances thereto belonging and known as lot No. 10 Hudson Street, in the Village of South Glens Falls, Saratoga County, State of New York, and which said lot is now held under a contract to convey said real estate to, and purchased by David O'Connor, and I will and direct that the said Trustees convey by a good and sufficient deed of conveyance said lot No. 10, premises and appurtenances thereto belonging (subject to said contract to convey) to 'The Church of the Good Shepherd,' located at the Village of South Glens Falls. Saratoga County, N. Y., and I also will and direct the said Trustees to assign and transfer said contract to convey said real estate to said David O'Connor to the said 'The Church of the Good Shepherd' hereinbefore mentioned and designated, and that the Church of the Good Shepherd to take, have and to hold said contract and the proceeds thereof, according to its full tenor, and make proper conveyances of the land and property therein described, upon receipt of the payment therein reserved to said David O'Connor, or to whomsoever the said David O'Connor may designate in writing, they, the said Church of the Good Shepherd to take and have for its own use, behoof and benefit, the full proceeds thereof forever.

"And I also give, devise and bequeath to the Trustees hereinafter named, all that other certain lot, premises and appurtenances thereto belonging, known as lot No. 79 Hudson Street, in said Village of South Glens Falls, Saratoga County and State of New York, and which said lot is now held under a contract to convey said real estate to and purchase by Patrick McGroaty, and I will and direct that the said Trustees convey by a good and sufficient deed of conveyance, said lot No. 79, premises and appurtenances thereto belonging, (subject to said contract to convey) to The Church of the Good Shepherd, located at said village of South Glens Falls, aforesaid, and I also will and direct the said Trustees to assign and transfer said contract to convey said real estate to said Patrick McGroaty to the said 'The Church of the Good Shepherd' hereinbefore mentioned, and designated, and that said,

'The Church of the Good Shepherd' take, have and' hold said contract and the proceeds thereof according to its full tenor and make proper conveyance of the land and property therein described upon receipt of the payments reserved therein to said Patrick McGroaty, or to whomsoever the said Patrick McGroaty may designate in writing, they, the said 'The Church of the Good Shepherd' to take and have the proceeds of said contract for its own use, behoof and benefit forever.

"And I further will and direct that each and every of the conveyances herein in this the Fifth Clause of this my Last Will and Testament, directed to be made by the said Trustees herein mentioned be made as soon as practicable after the probate of this my Last Will and Testament, as herein set forth, and I further will and direct that if in any case or from any cause said Church, 'The Church of the Good Shepherd,' aforesaid, shall be incapable of taking the bequests or any of them herein designated, and set forth to and for it, and its own use, behoof and benefit, for the space of one year and eleven months after the probate of this my Last Will and Testament, then, and in that event I direct that the said Trustees with in thirty days after the expiration of said one year and eleven months hereinbefore mentioned, convey each and every of said bequests to the Church of the Messiah, located at the Village of Glens Falls, Warren County, New York, subject to the same provisions and reservations as herein provided for in directions for the several conveyances to 'The Church of the Good Shepherd' and I also will and direct that in the interim between the probate of this my Last Will and Testament and the giving of the conveyances herein in this Fifth Clause provided for, that the said Trustees collect all the rents, issues and income of and from each of said premises and contracts and that out of the proceeds thereof they first pay the current expenses and the taxes, assessments and interest due or that becomes due during said interim, on the said mortgage herein in this Fifth Clause mentioned, and also for any necessary repairs to the premises covered by the said mortgage herein in this Fifth Clause mentioned, during the time the Trustees shall so retain possession of said premises or either portion thereof set forth in this Fifth Clause hereof, and that the rest, residue and remainder of all such rents, issues and income so coming into their possession be by the said Trustees paid over to the said 'The Church of the Good Shepherd' on the first day of January, April, July and October in each year, so long as they shall retain possession of said premises or any portion or portions theref."

The testator devised and bequeathed all the residue of his estate to Lucinda Stewart, his wife. The Church of the Good Shepherd is situated at South Glens Falls, and is a mission of the Episcopal Church under the supervision of the rector of the Church of the Messiah, situated at Glens Falls, N. Y., who is the priest in charge of such mission. This has been the condition for a number of years antedating the date of this will, and the same condition now exists. The Church of the Good Shepherd is unincorporated, and makes no claim under the will.

[1] The intention of the testator, which it is the duty of the court to uphold if possible, is quite clear. He intended to devise these various parcels of real estate subject to their incumbrances and contracts to a body which he called "The Church of the Good Shepherd," which was not an incorporated body, but which was a mission of the Church of the Messiah, which was incorporated.

[2] It is a well-established principle conceded by the society called "The Church of the Good Shepherd" that an unincorporated society cannot take by devise. Cruikshank v. Home for the Friendless, 113 N. Y. 337, 21 N. E. 64, 4 L. R. A. 140; Fralick v. Lyford, 107 App. Div. 543, 95 N. Y. Supp. 433, affirmed 187 N. Y. 524, 79 N. E. 1105. The

testator was evidently informed as to this legal principle, because his will clearly contemplates a condition in which this proposed devisee would be incapable of taking. He supposed, however, that, even if it was incapable of taking at the time of his death, this branch of the church in which he was interested might become capable by subsequent incorporation, and he attempted to provide a period of time consisting of 1 year and 11 months during which it might become capable of taking under his will, and in case of its failure to become so capable, a conveyance was to be made by the trustees to the parent body, "The Church of the Messiah."

[3] It is contended that this devise suspends the power of alienation contrary to section 42 of the real property law, because a definite period of time, not dependent upon the termination of human lives, is fixed prior to the execution of the conveyance directed to be made to the defendant the Church of the Messiah. It is a well-established principle that the suspension of the power of alienation for any definite period, however short, is illegal and invalid. For this reason the testator was in error in his supposition that, if the "Church of the Good Shepherd" was not capable of taking the devise at the time of his death, it could become so capable by subsequent incorporation.

[4] Frequent cases have come to the attention of the court where testators have provided in their wills for corporations subsequently to be created, but the validity of such devises can only be upheld where the incorporation is directed to take place within the limit of two specified lives. St. John v. Andrews Institute, 191 N. Y. 254, and cases cited at page 267, 83 N. E. 981.

[5] In the instrument under consideration, the period provided not being dependent upon the termination of human lives, not only was the Church of the Good Shepherd incapable of taking at the time of the testator's death, but it was not legally possible for it thereafter to become capable of taking by subsequent incorporation. This leaves the bequest to it, both as to the property and as to its rents and profits, not only wholly invalid, but, further, such invalidity was apparent at the moment that the testator died, and incapable of cure by any action which may be taken under any condition which might thereafter arise. Therefore there was no suspension of the power of alienation on account of the uncertainty of the devisee, nor on account of the creation of a trust, because no valid trust had been created. Real Property Law, § 96.

[6] In view of this condition existing, eo instanti at the death of Stewart, the situation was the same in law as if his will merely provided that within 30 days after the expiration of 1 year and 11 months the trustees should convey the property described to the Church of the Messiah. This duty to convey is not a valid trust permitted by law, and, if it is of any importance whatever, it comes within the provision of section 99 of the real property law, which provides as follows:

"Where an express trust relating to real property is created for any purpose not specified in the preceding sections of this article, no estate shall vest in the trustees; but the trust, if directing or authorizing the performance of any act which may be lawfully performed under a power, shall be valid as a power in trust, subject to the provisions of this chapter. Where a trust is

valid as a power, the real property to which the trust relates shall remain in or descend to the persons otherwise entitled, subject to the execution of the trust as a power."

It may be seriously questioned whether it would have been necessary for the trustees to wait for the expiration of the specified period before conveying to the Church of the Messiah, because the evident intention of the testator was that, as soon as it developed that the Church of the Good Shepherd was incapable of taking, the Church of the Messiah stood in the position of a substituted devisee, and, inasmuch as this condition developed immediately upon the death of the testator, it might very well be urged that at that time the Church of the Messiah was entitled to a conveyance under the will. I think the position of the Church of the Messiah is substantially the same as that of the substituted devisees in the Cruikshank Case, above referred to. Under the facts and the law, therefore, the only duty of the executors in regard to the parcels of land devised by this clause are such as devolve upon donees of a power.

[7] The title to the real estate in question is vested in the Church of the Messiah, and has been so at all times since the death of Stewart, irrespective of the execution of the power by the executors. Matter of Livingston, 34 N. Y. 555; Adams v. Perry, 43 N. Y. 487; Watkins v. Reynolds, 123 N. Y. 211, 25 N. E. 322; O'Donoghue v. Boies, 159 N. Y. 87, 97, 53 N. E. 537. The conveyance by the executors would not have the effect of increasing in any manner the title of the Church of the Messiah, but the execution of such conveyance is a duty devolving upon such executors under the will, affording to the devisee an additional muniment of title, rendering it somewhat easier for them to establish their rights should it thereafter become necessary in any proceeding at law and equity.

A decision may therefore be prepared construing the will as to the various subjects upon which the plaintiffs wish advice as follows:

(1) That the gifts to the Church of the Good Shepherd are invalid.

(2) That the gift to the Church of the Messiah is valid, and that it became the devisee of the property devised, and its title thereto and to the rents and profits accruing therefrom vested upon the death of John W. Stewart.

(3) That the residuary legatee, Lucinda Stewart, has no title or interest in the parcels devised under the fifth clause of the will.

A decision may be prepared accordingly.