(81 Misc. Rep. 389.)

### In re SLINEY'S WILL.

#### (Surrogate's Court, Dutchess County. June, 1913.)

WILLS (§ 489*)—CONSTRUCTION—EXTRINSIC EVIDENCE—BENEFICIARY.

　　Where it conclusively appears from extrinsic evidence that a money bequest to an unincorporated branch of an incorporated mission society was intended by testatrix for the main society, the Surrogate's Court will rectify the mistake and order the bequest paid over to the beneficiary intended by the testatrix.

　　[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1037–1046; Dec. Dig. § 489.*]

Proceedings upon the judicial settlement of the accounts of executors of Mary Sliney, deceased. Decreed according to opinion.

Fred E. Ackerman, of Poughkeepsie, for executors.

Morschauser, Mack & Mulvey, of Poughkeepsie, for residuary legatees.

William J. Fanning, of New York City, for St. Joseph's Union.

John J. Mylod, of Poughkeepsie, for State Comptroller.

HOPKINS, S. Mary Sliney, a resident of Wappingers Falls, Dutchess county, N. Y., died, leaving a will, which in and by its third paragraph provided as follows:

"Third. I give and bequeath unto St. Joseph's Union at No. 375 Lafayette street, New York City, New York, the sum of one thousand dollars."

Upon this accounting by her executors, the residuary legatees under said will, who are nephews and nieces of the testatrix, claim that this legacy fails and should pass into the residuary estate and be distributed among them upon the grounds:

First. "That St. Joseph's Union is an unincorporated association and cannot take the bequest," and

Second. "That the gift is absolute, and did not create a trust, and cannot be sustained under the provisions of section 113 of the Real Property Law." Consol. Laws 1909, c. 50.

In examining the cases of a similar nature passed upon by the higher courts, I find that there is a conflict of opinion upon identical facts, and therefore as I am unable to make a distinction, or to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

say why similar facts should require or produce different decisions and judgments, will confine myself to the facts of the case before me. The cases referred to are Bowman v. Domestic & Foreign Mission Society, 182 N. Y. 494, 75 N. E. 535, and Fralick v. Lyford, 107 App. Div. 543, 95 N. Y. Supp. 433, affirmed 187 N. Y. 524, 79 N. E. 1105.

It appears from the testimony in this proceeding that St. Joseph's Union is a branch of the Mission of the Immaculate Virgin for the Protection of Homeless and Destitute Children, an incorporated society, and engaged in the same charitable work; that both of said societies were founded by a priest named Father Drumgold, who was formerly the pastor of a church at Wappingers Falls where the testatrix worshiped; that testatrix was interested in the work conducted by said priest; that both of said societies occupied offices in the same building in the city of New York, and both have the same officers, the union being maintained as a branch of the mission. It is claimed by the union that from these facts the testatrix intended that this bequest should be for the benefit of the society conducted by her former pastor, and that she desired it to be so paid to, and used for, the purposes for which the mission was incorporated, and that in the preparation of her will she misnamed the society intended.

The intention of the testatrix should prevail, so far as it is possible to ascertain that intention from her will and the extrinsic evidence produced, and so far as it is consistent with law. It is evident that she did not intend that her nephews and nieces should have the amount of the legacy in question, and it is equally evident that she did intend it for the society. If she made a mistake in naming the proper beneficiary, so that the object of her bounty could not be ascertained from the will alone, it is the duty of this court to rectify such mistake and direct the payment of said legacy to the society contemplated by the testatrix, if such can be determined from the evidence and surrounding circumstances.

Therefore it seems to me that the testatrix intended this bequest for the Mission of the Immaculate Virgin, and that the use of the name "St. Joseph's Union" in said will was a misnomer, and that her intention will be carried out by paying over the bequest to the mission, and thus substantial justice will be done.

Decreed accordingly.