(165 App. Div. 787)

### In re SPENCE'S ESTATE.

(Supreme Court, Appellate Division, Third Department. January 15, 1915.)

CHARITIES (§ 19\*)—VALIDITY—CERTAINTY AS TO BENEFICIARIES.

 Under Personal Property Law (Consol. Laws, c. 41) § 12, providing that no gift or bequest to religious, charitable, or benevolent uses, in other respects valid, shall be deemed invalid by reason of uncertainty as to the beneficiaries, a bequest "to the Methodist Episcopal Church for missionary and evangelistic purposes" was not invalid for uncertainty of beneficiary, where the Methodist missionary societies and a Methodist Church from whose membership testatrix had once withdrawn were content that it should go to a corporation known as the "Trustees of the Methodist Episcopal Church," organized to take property in trust for the uses of the Methodist Episcopal Church at large.

 [Ed. Note.—For other cases, see Charities, Cent. Dig. § 42; Dec. Dig. § 19.\*]

 Woodward and Howard, JJ., dissenting.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Surrogate's Court, Schuyler County.

In the matter of the estate of Mary Jane Spence, deceased. From a decree of the surrogate directing a payment by the executors to certain legatees, Martha Scott Ferry and others, residuary legatees, appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

George G. Reynolds, of Elmira, for appellants.

Bertrand W. Nye, of Watkins (George M. Velie, of Watkins, of counsel), for respondents Trustees of Methodist Episcopal Church and Methodist Episcopal Church.

Frank Johnson, of Montour Falls, for respondent executors.

SMITH, P. J. The executors of the will of Mary Jane Spence, of Watkins, N. Y., deceased, on their final accounting asked the surrogate to construe the paragraph of the said will designated as "Twenty a." This paragraph reads as follows:

"I give, devise and bequeath to the Methodist Episcopal Church for missionary or evangelistic purposes the sum of three thousand dollars in memory of my father and mother, Abraham and Martha Voak, my husband Wm. A. Spence and my brother Job Voak, deceased."

The learned surrogate, after hearing evidence to the effect that the deceased had previously been a member of the local Methodist Church at Watkins, and that she and her family had left the same after some difficulty with other members of that church, and had affiliated with the local Presbyterian Church, decided that the bequest was intended for the Ohio corporation known as the "Trustees of the Methodist Episcopal Church," and which appears to have been organized for the purpose of taking property in trust for the uses of the Methodist Episcopal Church at large. The residuary legatees under the will of Mary Jane Spence appeal from this part of the decree.

The executors do not here appeal. Only the residuary legatees appeal, and their appeal cannot be sustained unless they have been aggrieved by the decision. If, therefore, the will creates a valid gift, which may be enforced, either by the "Trustees of the Methodist Episcopal Church," or by one of their missionary societies, or by the court itself, this judgment must be affirmed. Under section 12 of the Personal Property Law it is provided:

"No gift, grant, or bequest to religious, educational, charitable, or benevolent uses, which shall in other respects be valid under the laws of this state, shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same. If in the instrument creating such a gift, grant, or bequest there is a trustee named to execute the same, the legal title to the property given, granted, or bequeathed for such purposes shall vest in such trustee. If no person be named as trustee then the title to such property shall vest in the Supreme Court."

That this is a bequest to religious and benevolent uses cannot be questioned, and it was the purpose of this statute to protect and validate such bequests. Upon the appeal by the residuary legatees only, it is unnecessary for us to determine by what corporation or association this

bequest shall be administered. The Methodist missionary societies are content that the money should go to the respondent here, as also is the Methodist Church in the village of Watkins. In fact none other than the respondents make claim to these moneys, except these residuary legatees, whose only title rests upon the absolute invalidity of the bequest.

The judgment should therefore be affirmed. Decree affirmed, with costs. All concur, except WOODWARD and HOWARD, JJ., who dissent.

WOODWARD, J. (dissenting). The executors of the will of Mary Jane Spence, of Watkins, N. Y., deceased, on their final accounting asked the surrogate to construe the paragraph of the said will designated as "Twenty a." This paragraph reads as follows:

"I give, devise and bequeath to the Methodist Episcopal Church for missionary or evangelistic purposes the sum of three thousand dollars in memory of my father and mother, Abraham and Martha Voak, my husband Wm. A. Spence and my brother Job Voak, deceased."

The learned surrogate, after hearing evidence to the effect that the deceased had previously been a member of the local Methodist Church in Watkins, and that she and her family had left the same after some difficulty with other members of that church, and had affiliated with the local Presbyterian Church, decided that the bequest was intended for the Ohio corporation known as the "Trustees of the Methodist Episcopal Church," and which appears to have been organized for the purpose of taking property in trust for the uses of the Methodist Episcopal Church at large. The residuary legatees under the will of Mary Jane Spence appeal from this part of the decree.

While it is undoubtedly true that a mere error in a name of a legatee, whether individual or corporate, would not be permitted to defeat the purpose of a testatrix, if it was shown by competent evidence who was in fact intended, it is carrying this rule a long way to make it fit the facts of this particular case. There is not a line of evidence in the record to show that Mary Jance Spence ever knew that there was a corporation known as the "Trustees of the Methodist Episcopal Church"; much less that she had any intention of making a bequest to a corporation having its principal place of business in the southern part of Ohio, more than 500 miles away from her home, while she was surrounded by local churches of that denomination. If the bequest had been made to John Smith, without further designation, we would hardly expect any one to go into Hamilton county, Ohio, to find John Smith. He would, in the natural course of events, be looked for in the immediate neighborhood of the testatrix, and in the absence of some evidence that Mary Jane Spence knew of this Ohio corporation, and that she intended to make a gift to such corporation by the name of the Methodist Episcopal Church, the learned surrogate erred in decreeing such a disposition of the funds in the hands of her executors.

Assuming, however, that there was ground for supposing that the testatrix had this Ohio corporation in mind, and that by a gift to the Methodist Episcopal Church she intended to make the bequest to this corporation, there is still the difficulty that this corporation is not

shown to have capacity to take the property for the purposes to which the testatrix attempted to dedicate it. The language of the will is that:

"I give * * * to the Methodist Episcopal Church for missionary or evangelistic purposes the sum of three thousand dollars," etc.

We have here a direct and simple gift made in terms that exclude any idea of a trust; there is not even a direction to invest the principal and expend the income. Bird v. Merklee, 144 N. Y. 544, 549, 39 N. E. 645, 27 L. R. A. 423. It is not to be doubted that such a gift, made to a corporation capable of taking and administering the gift, is lawful; the fact that the testatrix has designated the purpose for which the bequest must be used does not indicate a desire upon her part to create a trust. It was entirely proper for her to apply her bounty to the whole or any one or more of the various purposes for which a corporation was authorized to hold property (Bird v. Merklee, supra), but a gift to a corporation which did not have authority to take for the purposes to which the gift was limited is void (Fosdick v. Town of Hempstead, 125 N. Y. 581, 26 N. E. 801, 11 L. R. A. 715). In the present case the charter of the Ohio corporation clearly does not authorize it to take and administer a gift for "missionary or evangelistic purposes," whatever these may mean. It is limited by its charter to the taking and holding of property in trust; it has no original or independent powers in respect to such property; it has no defined duties or powers, except to hold property in the capacity of a trustee "for the benefit of the Methodist Episcopal Church," clearly referring to the church at large, and it has been held that the existence of the church proper as an organized body is not recognized by the municipal law. Baxter v. McDonnell, 155 N. Y. 83, 94, 95, 49 N. E. 667, 40 L. R. A. 670, and authorities there cited. We are referred to no statute authorizing the incorporation of the church at large (Baxter v. McDonnell, supra), and clearly this is not the purpose of the Ohio corporation, for, as we have seen, its purposes are limited to performing the duties of a trustee for the Methodist Episcopal Church, which, as Judge Cooley says in Hardin v. Baptist Church, 51 Mich. 137, 16 N. W. 311, 47 Am. Rep. 555, "is not incorporated, and has nothing whatever to do with the temporalities."

Being the trustee of the Methodist Episcopal Church, the Ohio corporation cannot be the Methodist Episcopal Church, for, while a person or corporation may transform himself into a trustee for another, he cannot be a trustee for himself. Wetmore v. Parker, 52 N. Y. 450, 459. The religious corporation and the church, although one may exist within the pale of the other, are in no respect correlative. The objects and interests of the one are moral and spiritual; the other deals exclusively with things temporal and material. Each, as a body, is entirely independent and free from any direct control or interference by the other. The church, by the nature of its organization, may be entirely independent of other ecclesiastical organizations, or may be a subordinate part of some general organization or denomination in which there are superior ecclesiastical tribunals, with general and ultimate power of control, more or less complete, in some superior judicature, over the whole membership of the general organization. Bax-

ter v. McDonnell, 155 N. Y. 83, 95, 49 N. E. 667, 40 L. R. A. 670, and authorities there cited. This is clearly recognized in the articles of incorporation of the "Trustees of the Methodist Episcopal Church," a mere corporate name for a subordinate religious society, for it is provided:

> That the "said board of trustees, under their corporate name, shall have power to take and hold by donation, gift, grant, devise, or otherwise, any property, real or personal, or mixed, in any state in the United States, in behalf of and for the benefit of the Methodist Episcopal Church, and the same to manage, grant, convey, lease, or otherwise dispose of, and to execute such trust or trusts as may be confided to said corporation, the whole to be under the supervision of, and amenable to, the General Conference," and that "said board shall also be deemed competent to receive and administer any special benevolent trust in behalf of the church not otherwise provided for in the benevolent societies now existing under the authority or by the sanction of the General Conference."

It is clear that the "Trustees of the Methodist Episcopal Church" an Ohio corporation, has no power or authority to accept of a gift for its own use; it is not authorized to take money to be used for "missionary or evangelistic purposes," and the testatrix has not attempted to give the money in trust "in behalf of and for the benefit of the Methodist Episcopal Church." She says she gives it to the Methodist Episcopal Church, and if this did not refer to the local Methodist Church we have seen that the Methodist Episcopal Church at large has no legal existence. It is not incorporated and has no power to take property for any purpose. If the bequest had been made to the "Trustees of the Methodist Episcopal Church," and had been for some or all of the corporate purposes of such corporation, there could have been no question about its validity (Matter of Griffin, 167 N. Y. 71, 78, 60 N. E. 284); but it was not given to this corporation by its name, nor has that corporation any power or authority to receive this direct gift, even if properly named, because it is not for any of the corporate purposes of the "Trustees of the Methodist Episcopal Church," as defined in its articles of incorporation. Matter of Griffin, supra, 167 N. Y. 79, 60 N. E. 284.

Nor is this case one coming within the purview of chapter 701 of the Laws of 1893, where it might be held that this gift should not fail because of the incapacity of the "Trustees of the Methodist Episcopal Church" to take the title, for the reason that the attempted gift has in it none of the elements of a trust, and the statute merely provides for giving effect to uses for religious purposes. If the Methodist Episcopal Church had a legal existence, and the gift had been made to the "Trustees of the Methodist Episcopal Church" for the benefit or use of the Methodist Episcopal Church, the trust or use would not be permitted to fail, though the corporation named was without power to act as such trustee. The case would be treated as though no trustee had been named, and the Supreme Court would administer the trust. Matter of Griffin, supra. But no such condition exists; the testatrix has tried to make a gift to a body which has no power to take, either directly or as a beneficiary of a trust. At most it is a gift for a cause, without naming any person or body as cestui que trust who is to be the recipient of the benefit sought to be given.

Fralick v. Lyford, 107 App. Div. 543, 546, 95 N. Y. Supp. 433, affirmed without opinion 187 N. Y. 524, 79 N. E. 1105. It does not create a trust, and the statute of 1893 provides only for dealing with attempted trusts. Fralick v. Lyford, supra, 107 App. Div. 546, 95 N. Y. Supp. 433, and authorities there cited. The Ohio corporation is without authority to take directly for the reasons above indicated; it is not named as a trustee for any one or for any purpose in the will now under consideration (Fralick v. Lyford, supra, 107 App. Div. 546, 95 N. Y. Supp. 433), and the Methodist Episcopal Church, being an unincorporated voluntary association or society, is incapable of taking a direct bequest to it (White v. Howard, 46 N. Y. 144; Murray v. Miller, 178 N. Y. 316, 70 N. E. 870).

While the above discussion leads irresistibly to the conclusion that the decree of the learned surrogate is founded in error, and should be reversed, it may be proper to indicate that in the discussion I have not intended to convey the impression that any local Methodist Church is entitled to this fund. The intent of the testatrix to make a gift to the Methodist Episcopal Church at large is manifest. Moreover, the evidence indicates that she would not be likely to attempt to make a gift to the Methodist Church of Watkins, from which she had withdrawn long years before on account of a church quarrel, and the language of the gift, limiting it to "missionary or evangelistic purposes," matters not within the purview of local church congregations as a rule, though often made use of as agencies in the collection of funds for such purposes, unmistakably evidences the purpose of the testatrix to give to the church, as distinguished from the religious corporation having control of the temporalities of the local church congregation. There is in this state no such thing as an ecclesiastical corporation. Robertson v. Bullions, 11 N. Y. 243; Petty v. Tooker, 21 N. Y. 267; Gram v. Prussia, etc., Evangelical Lutheran Society, 36 N. Y. 161. "Corporations formed under the third section of the act of 1813 have no denominational character, nor can such a character be in any manner engrafted upon them. That portion of the members organized into a separate body, called the church, may belong to a peculiar denomination; but it has no power to impress its distinctive character upon the corporation." Petty v. Tooker, supra. There being no such thing as an ecclesiastical corporation, it follows that a gift to the corporate body known as the Methodist Episcopal Church of Watkins, for instance, would not be a gift to the Methodist Episcopal Church in its spiritual or general sense, but would be a gift to the particular congregation, which might, at will, change the form of its worship. Indeed, it has been held that the trustees of a religious corporation in this state cannot receive a trust limited to the support of a partcular faith, or a particular class of doctrines, for the reason that it is inconsistent with those provisions of the statutes which give to the majority of the corporation, without regard to their religious tenets, the entire control over the revenues of the corporation. Gram v. Prussia, etc., Evangelical Lutheran Society, 36 N. Y. 161, 165.

A gift to the Methodist Episcopal Church generally could not be carried out in the spirit of the testatrix's purpose by turning it over to a lay corporation thus organized and constituted, even though its

corporate name should correspond with that used in the will. If she had intended to give to the Methodist Episcopal Church of Watkins, it was very easy to indicate the intent, and the fact that she did not mention Watkins in connection with the designation, with the evidence in this case, makes it very certain that she did not intend to do anything for the local congregation, with which she had quarreled back in 1867, and which had induced her to affiliate with the Presbyterian Church in Watkins during the remainder of her lifetime.

The intent of the testatrix should, of course, govern in so far as that intent is in harmony with the law, and she should not be compelled to contribute to the local Methodist Church in Watkins, where that was clearly not her purpose. There being no body in existence by the name of the Methodist Episcopal Church which had legal capacity to take the gift, it follows that the decree of the surrogate is erroneous, and it must be reversed.

HOWARD, J., concurs in this dissenting opinion.