Matter of the PETITION OF THE TRUSTEES OF THE SUSTENTATION FUND OF THE REFORMED EPISCOPAL CHURCH for an Order Directing the Comptroller of the State of New York to Pay to It a Certain Legacy Contained in the Will of CEBRA QUACKENBUSH, Deceased.

(Supreme Court, Albany Special Term, October, 1916.)*

Bequests — proceeding to determine to whom bequest belongs — religious corporations — Code Civ. Pro. § 2740.

Section 2740 of the Code of Civil Procedure under which a proceeding may be brought to determine to whom a bequest belongs only applies to unknown owners.

---

* Received too late for insertion in proper place.— [REPR.

The "Hoosac School" is a corporation which for twelve years past has had the control and management of the church edifice of the "All Saints Church of Hoosick," an unincorporated association, and "The Trustees of the Sustentation Fund of the Reformed Episcopal Church of America" is the corporation in whose name corporate acts are done and corporate property held of such church. *Held,* that a bequest to said "All Saints Church," under the will of a testator who had been a member thereof and knew of its purposes and uses in connection with the religious education of the youth attending the Hoosac School of which he was a director, was not intended as a gift to either corporation.

That taking into consideration the want of interest on the part of the state which by its attorney-general claims that said bequest is invalid, and the desirability of carrying out the intention of the testator, the gift would be held valid as a trust for a religious purpose, and the "Hoosac School" being more interested in carrying on the "All Saints Church" than any other perpetuity, it will be named as trustee.

PROCEEDING under section 2740 of the Code of Civil Procedure to determine to whom a bequest contained in a will belongs.

Herbert M. Reeves (James L. Goodwin, of counsel), for petitioner.

George B. Wellington (J. Noble Hayes, of counsel), for Hoosac school.

Egburt E. Woodbury, attorney-general; Alexander T. Selkirk, deputy attorney-general, for State Treasurer.

HASBROUCK, J. This is a proceeding under section 2740 of the Code of Civil Procedure to determine to whom a bequest contained in the will of Cebra Quackenbush belongs. Incidently no point being raised by any of the parties it is my conviction that the facts did not warrant the order of the surrogate of Rensselaer

county. The section only applies to unknown owners. The owners here are known. The difficulty lies in picking them or it out. The legacy either lapses because it is void and falls into the residuary estate of the testator or the title lies either in the " Hoosac School " " The Trustees of the Sustentation Fund of the Reformed Episcopal Church of America " or the " Supreme Court " by virtue of chapter 701 of the Laws of 1893. To determine where the ownership of the bequest is, let us examine the words of the will.

" Whereas by the fourteenth clause of my said will I gave and bequeathed to the All Saints Church of Hoosick the sum of $2,000, I now change said clause and hereby give and bequeath to said All Saints Church the sum of $5,000 instead of the sum of $2,000."

The All Saints Church at Hoosick is an unincorporated association. The Hoosac School is a corporation which has had the control and management of the church edifice of the All Saints Church for upwards of twelve years past. The trustees of the Sustentation Fund of the Reformed Episcopal Church of America is the corporation in whose name corporate acts are done and corporate property held of such church. The Hoosac School claims the testator mistook the name of the object of his benevolence and intended the gift for it. The Sustentation Fund makes the like claim on its account. Both make the further claim that in any event the bequest can be taken to a charitable use. The state represented by the attorney-general with no interest in the bequest except its possession claims it to be invalid. All the parties agree upon the proposition that as an unincorporated association the All Saints Church cannot take. The testator was a director of the Hoosac School and knew of the existence of its incorporation and had no knowledge of the existence of any corporation known as such Sustentation Fund

and, therefore, I cannot hold that he intended to give the $5,000 to either of them. There remains only to consider whether the language of the testator is effective to create a trust.

In an opinion of profound learning and research Judge Selden wrote the history of the charitable trusts of this state up to the year of his writing (*Owens* v. *Missionary Society,* 14 N. Y. 380) following Denio, J., in *Williams* v. *Williams,* 8 id. 534, and holding the legality of trusts created to effect religious and charitable uses. Such law was, however, attacked by Judge Wright in *Levy* v. *Levy,* 33 N. Y. 97, and it was finally overthrown in an opinion of Judge Rapallo in *Holland* v. *Alcock,* 108 id. 312. From the time of the adoption of the view announced in the *Alcock* case our manner of establishing charitable and religious trusts was by special acts. To take the burden off the legislature of passing numerous enactments at each session, in 1893 the general law known as section 12 of the Personal Property Law was enacted which provides that " No gift * * * to religious * * * uses, which shall in other respects be valid * * * shall be deemed invalid by reason of indefiniteness or uncertainty of * * * beneficiaries * * *. * * * If no person be named as trustee then the title * * * shall vest in the supreme court." If the testator has created a trust for a religious use it is by virtue of the power conferred by the above quoted law.

Judge Rapallo quotes with approval Judge Comstock's statement of the essential elements of a trust, viz.: " (1) a sufficient expression of an intention to create a trust; (2) a beneficiary who is ascertained or capable of being ascertained." *Holland* v. *Alcock, supra.*

In the case at bar the statute relieves the situation of any question regarding the ascertainment of a bene-

ficiary. There remains but the question as to whether in the language used there is any expression of intention to create a trust. If confined to the language of the testator I should find no hesitancy in deciding in accordance with the decision in *Fralick* v. *Lyford*, 107 App. Div. 543; affd. 187 N. Y. 524, where it is said, Chester J., that " the legacy is not expressed to be in trust." But in *Bowman* v. *Domestic & Foreign Missionary Society*, 182 N. Y. 496, where the gift was in the following language: " I give, devise and bequeath the sum of two thousand dollars * * * to the Indian Missions and Domestic Missions of the United States " the court held " The ninth clause, *supplemented by the evidence*, sufficiently indicates the charitable purpose to which the testatrix desired to apply her bequest, to enable the Supreme Court * * * to administer this as a trust."

Here we have the fourteenth clause of the codicil and the evidence of the existence of the All Saints Church, the testator's membership of it and knowledge of its purposes and uses in connection with the religious education of the youth attending the Hoosac School. The *Bowman* case on the facts seems to be on all fours with the case at bar. I am unable to see anything but hostility between these two authoritative utterances of the court of last resort. Taking into consideration the want of interest on the part of the state in the fund in its treasury and the desirability of effectuating the purposes of the testator I am inclined to adopt the more liberal view and hold the gift valid as a trust for a religious purpose. The Hoosac School being more largely interested in carrying on the All Saints Church than any other perpetuity I have determined to name it as trustee.

Ordered accordingly.