## In the Matter of the Estate of JOHN CARD, Deceased.

Surrogate's Court, Madison County, December 3, 1932.

*Estabrook, Estabrook & Harding* [*Charles Comstock* of counsel], for the executor.

*Thomas H. Ward,* for the claimant, Lura Card.

*D. F. Wallace,* special guardian.

CAMPBELL, S. Claimant seeks to establish a contract made with the deceased for work, labor and services.

Deceased was the grandfather of claimant's husband, and the only witness testifying to the alleged contract is claimant's husband. The courts do not look with favor on such evidence, and in the absence of additional evidence have rejected claims for insufficient proof. It so held in *Matter of Otis* (126 Misc. 741) and *Hamlin* v. *Stevens* (177 N. Y. 39).

However, it is the duty of the court in determining the validity of a claim of this nature to take into consideration all the facts and surrounding circumstances. (*Caldwell* v. *Lucas*, 233 N. Y. 248; *McKeon* v. *Van Slyck*, 223 id. 392; *Matter of Long*, 144 Misc. 181.)

On all the evidence submitted in the case the court is of the opinion that the claimant did render substantial services in nursing and caring for the deceased's wife during the last nine or ten months of her life; she, being the wife of a grandson, there was no legal duty imposed upon claimant to care for his grandmother. (*Johnson* v. *Tait*, 97 Misc. 48; *Koebel* v. *Beetson*, 112 App. Div. 639; *Matter of Stiles*, 64 Misc. 658.)

The legacy contained in the will in favor of claimant cannot be considered as made in payment for services or the discharge of a debt unless clearly expressed. (*Reynolds* v. *Robinson*, 82 N. Y. 103; *Sheldon* v. *Sheldon*, 133 id. 1.)

Although the court holds that the evidence is not sufficient to clearly establish an express contract and does not meet the requirements of the law, as above set forth, nevertheless, from the facts and surrounding circumstances, the court is of the opinion that claimant should recover for the services and care rendered the wife of decedent during the last ten months of her life, and under such circumstances claimant may recover under an implied contract. (*Matter of Long*, 144 Misc. 181.)

In accordance with the foregoing I have decided to allow claimant ten dollars per week for the care as above set forth, or the sum of four hundred and twenty-five dollars.

The will provides a bequest of fifty dollars to the " Erieville Church." There is no church in the village of Erieville by that specific name. However, there is but one church located in Erieville, and evidently it was the intention of testator to make this one church the legatee. No proof was offered upon the hearing, but if the court is rightly informed it is a consolidated Methodist church. Therefore, the bequest will be paid to the trustees of this institution. (*Matter of Sliney*, 81 Misc. 389.)

Therefore, a decree may be submitted in accordance with this memorandum and allowances will be fixed when submitted.