In the Matter of the Estate of H. SHATTUCK COUGHLIN, Deceased.

Surrogate's Court, Steuben County, November 24, 1933.

*Fred M. Ahern* and *Acton M. Hill,* for the petitioner Edward J. Coughlin.

*John J. Bennett, Jr., Attorney-General,* for unnamed beneficiaries.

WHEELER, S.   This is a proceeding for the judicial construction of the last will and testament of H. Shattuck Coughlin, deceased. Mrs. Coughlin is survived by her husband, the petitioner herein,

and by no other known heirs at law or next of kin. The question is as to the validity of the residuary clause of the will which purports to dispose of the bulk of the estate, and which reads as follows:

" *Sixth.* All the rest, residue, and remainder of my property, both real and personal, of every name and nature, and wherever situate which I may own, have any interest or be entitled to at the time of my death, I give, devise and bequeath to James T. Foody, who is named herein as my executor. He shall not deed or convey the real estate, or any part thereof, for a period of twenty years. The net income from my property is to be paid to an incorporated foreign Missionary Society, or Societies, as determined by my said executor. After the expiration of the said period of twenty years, my said executor may sell said real property, and pay so much of the net proceeds therefrom as may be legally paid to such incorporated foreign Missionary Society or Societies but I prefer that my property shall be held as long as possible without being sold.

" It is my clear intention that my relatives shall not share in any of my estate, and I have expressly directed my executor to this effect."

The petitioner contends that the first sentence of the paragraph quoted constitutes an absolute devise of the entire residuary estate to James T. Foody, unincumbered by the restrictive clauses which follow, and inasmuch as Mr. Foody predeceased the testatrix the bequest lapsed, and should be distributed to the husband as in case of intestacy.

The question then is to ascertain if possible from the language used the intention of the testatrix. Did she intend to make an absolute gift of her residuary estate to Mr. Foody, personally, merely expressing a wish, desire, hope or expectation in respect to the use thereof, or was it her manifest intention to impose a limitation upon the gift which cuts down the estate to one of mere trust for the purposes therein set forth? Unquestionably the first sentence of paragraph sixth constitutes a clear, certain, unqualified and absolute gift to Mr. Foody. If she had not added the further provisions no question could possibly have arisen as to her meaning and intention, or as to his absolute title to the residue of her estate, had he survived.

Where there is an absolute gift of real or personal property, in order to qualify it, or cut it down, the latter part of the will should show equally clear intention to do so by the use of words definite in their meaning, and by expressions which must be regarded as imperative. (*Tillman* v. *Ogren*, 227 N. Y. 495; *Clay* v. *Wood*,

153 id. 134; *Matter of Gardner*, 140 id. 122; *Clarke* v. *Leupp*, 88 id. 228.) Generally speaking, precatory words, expressing a wish, desire or hope, do not create a charge or trust, or in any way cut down or limit a gift which otherwise is absolute and unconditional. (David's N. Y. Law of Wills, § 775.) However, it is undoubtedly true that effect must be given to a subsequent provision which definitely and clearly limits or cuts down the estate thus given. (David's N. Y. Law of Wills, § 809; *Matter of Miller*, 161 N. Y. 71, 76; *Collister* v. *Fassit*, 163 id. 281.)

In the case of *Phillips* v. *Phillips* (112 N. Y. 197), Judge FINCH, in delivering the opinion of the court, said: " The primary question in every case is the intention of the testator, and whether in the use of precatory words he meant merely to advise or influence the discretion of the devisee, or himself to control or direct the disposition intended. In such a case we must look at the whole will."

It appears to me from a careful study of the will in the instant case that Mrs. Coughlin had no desire or intention to make an absolute, unqualified gift of her residuary estate to James T. Foody. On the contrary, it appears to be her intention to make a gift for charitable and religious purposes, simply designating Mr. Foody as the medium through whom the gift was to be administered. At the end of the first sentence of the paragraph creating the alleged bequest to Foody, appear the significant words, " who is named herein as my executor." It cannot be reasonably assumed that this descriptive appendage is a mere meaningless gesture. Those words, taken in connection with what follows, indicate an intention that he was to take in a representative capacity rather than individually. The will continues: " He shall not deed or convey the real estate, or any part thereof, for a period of twenty years. The net income from my property is to be paid to an incorporated foreign Missionary Society, or Societies, as determined by my said executor." No precatory words expressing a mere hope, desire or request are used in these latter provisions; they are clear, mandatory and imperative. The restrictive clause does not refer to James T. Foody, but to " my said executor." Obviously the executor would have no dominion over the bequest if it were given to Foody individually.

It is true that testatrix made no direct or formal gift in trust, but under the existing circumstances a trust should and must be implied. (*Matter of Durbrow*, 245 N. Y. 469.) I, therefore, hold that the residuary estate is given in trust, and not to James T. Foody individually.

Having reached this conclusion, it now becomes necessary to

determine the validity of the trust. The general purpose and object of the trust is clear and certain, but the beneficiaries are indefinite and unnamed, and their selection and designation are left in the discretion of the deceased trustee.

Prior to the decision in the celebrated Tilden will case (*Tilden* v. *Green*, 130 N. Y. 29), a trust such as we are here considering would have been void on account of the indefiniteness and uncertainty of the beneficiaries. This decision in the *Tilden* case led to the enactment of chapter 701 of the Laws of 1893, now substantially embodied in section 12 of the Personal Property Law and section 113 of the Real Property Law, providing: " No gift, grant or bequest to religious, educational, charitable or benevolent uses, which shall in other respects be valid under the law of this state, shall be deemed invalid by reason of the indefiniteness or uncertainty of persons designated as the beneficiaries thereunder in the instrument creating the same."

The section further provides that if a trustee is named, the title of property given shall vest in him, and if a trustee is not named, it vests in the Supreme Court. The Attorney-General is empowered to represent the beneficiaries in all such cases, and it is made his duty to enforce such trust by proper proceedings in either the Supreme or Surrogate's Court.

If the trust attempted to be created by the testatrix is a charitable or religious trust within the meaning of this statute, it is not affected by the statute against perpetuities. (*Matter of MacDowell*, 217 N. Y. 454.) Nor is there any merit in the objection that the testator's intention is subverted by the appointment of a trustee other than the one named in the will. (*Matter of Griffin*, 167 N. Y. 71, 82.)

That this is a bequest to religious, benevolent and charitable uses cannot be questioned, and it is the purpose of this statute to protect and validate such bequests. (*Matter of Norton*, 165 App. Div. 787; *Bowman* v. *Domestic, etc., Missionary Society*, 182 N. Y. 494.) The intention to make a gift for charitable and religious purposes pervades and dominates the whole bequest, and the court will give it effect, if it is possible so to do, by the application of the most liberal rules of construction that the law will permit. (*Matter of Durbrow*, 245 N. Y. 469.)

For the reasons stated, I, therefore, hold that the gift of the residuary estate constitutes a valid, charitable trust for the purposes therein mentioned, and that the title to the property bequeathed vests in the Supreme Court, subject to the limitation as to amount as hereinafter set forth. The question of proper beneficiaries is not now before the court.

The final question in the case is capable of ready determination. As the testatrix left her surviving a husband, the provisions of section 17 of the Decedent Estate Law operated to defeat her attempted disposition of more than one-half of her estate (less the debts) to the charitable organizations. It necessarily follows that the gift in trust for the charities mentioned became a general legacy of one-half of her net estate (*Matter of Howells*, 146 Misc. 169), and that the balance of the estate, less the legacies to individuals, and less administration expenses, passed as intestate property (*Matter of Mosley*, 138 Misc. 847, 852.)

Submit decree on notice construing the will accordingly.