In the Matter of Proving the Last Will and Testament of
WILLIAM GRIFFIN, Deceased.

ISAAC M. HASWELL et al., as Executors of WILLIAM GRIFFIN, Deceased, and the ROUND LAKE ASSOCIATION, Appellants; MARY CLARK et al., Respondents.

WILL — WHEN BEQUEST CONSTITUTES AN ABSOLUTE GIFT INSTEAD OF CREATING A TRUST. A will giving upon the death of testator's wife the residue of his estate, real and personal, " to the Round Lake Association, heretofore known as the Round Lake Camp Meeting Association of the Methodist Episcopal Church of the Troy Conference," subject to an estate for life of his sister-in-law in specified property, " the amount so hereby given to said association to be prudently invested by it, and the income and profits arising therefrom to be devoted and applied by said association to the support and maintenance of the school at said Round Lake, known as the Round Lake Summer Institute," which was an incorporated academy, does not create a trust in favor of said institute, but constitutes an absolute gift to the association for its own benefit, where it appears from the terms of the will, taken as a whole, and the situation of the parties, that the testator intended to give his property to the association to maintain its own school and not as trustee for the benefit of another.

*Matter of Griffin*, 45 App. Div. 102, reversed.

(Argued March 13, 1901; decided April 30, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, made September 5, 1899, affirming a decree of the Albany County Surrogate's Court construing the last will and testament of William Griffin, deceased.

The facts, so far as material, are stated in the opinion.

*James Lansing* for Isaac M. Haswell et al., as executors, appellants. The testator intended the bequest provided in the 8th clause of his will as a gift to the association. (*Everitt* v. *Everitt*, 29 N. Y. 89 ; *Wetmore* v. *Parker*, 52 N. Y. 459 ; *Le Couteulx* v. *City of Buffalo*, 33 N. Y. 333 ; *Bird* v. *Merklee*, 144 N. Y. 544.) The bequest, with its limitation in the 8th clause of the testator's will, is in law a gift to the Round Lake Association, to which it takes absolute title, and is not a trust, as that term is understood and applied in law, between individuals or natural persons, and is not inhibited by the Statute of Perpetuities. (*Williams* v. *Williams*, 8 N. Y. 525 ; *Bascom* v. *Albertson*, 34 N. Y. 584; *Holland* v. *Alcock*, 108 N. Y. 312 ; 1 R. S. 723, § 15 ; 1 R. S. 773, § 1 ; L. 1896, ch. 547, § 32 ; L. 1897, ch. 417, art. 1, § 3 ; *Cutting* v. *Cutting*, 86 N. Y. 522; *Genet* v. *Hunt*, 113 N. Y. 158 ; *Adams* v. *Perry*, 43 N. Y. 500 ; *Wetmore* v. *Parker*, 7 Lans. 126 ; *Fosdick* v. *Town of Hempstead*, 125 N. Y. 581; *Bird* v. *Merklee*, 144 N. Y. 544 ; *Consistory* v. *Brandow*, 52 Barb. 228.)

*Lewis E. Carr* for Round Lake Association, appellant. The gift of the testator's residuary estate to the Round Lake Association was an absolute one, and it vested such residuary estate in that association on the death of the testator. (*Bliven* v. *Seymour*, 88 N. Y. 469 ; *Roe* v. *Vingut*, 117 N. Y. 204; *Banzer* v. *Banzer*, 156 N. Y. 429.) The subsequent part of the residuary paragraph of the will, relating to the investment and application of the income to the support of the Round Lake Summer Institute, did not cut down the gift and create a trust. (*Williams* v. *Williams*, 8 N. Y. 525 ; *Matter of*

*Howe,* 1 Paige, 214 ; *Wetmore* v. *Parker,* 52 N. Y. 450 ; *Bird* v. *Merklee,* 144 N. Y. 544 ; *Preston* v. *Howk,* 3 App. Div. 43 ; *First Presb. Church* v. *McKallor,* 35 App. Div. 98.) The intention of the testator should prevail, so far as it is possible to ascertain that intention, and so far as it is consistent with law. (L. 1896, ch. 547, § 205 ; *Byrnes* v. *Baer,* 86 N. Y. 210.)

*T. F. Conway* for Mary Clark et al., respondents. The bequest to the Round Lake Association made by the 8th paragraph of testator's will and the codicils supplementing the same, being for the benefit of another corporation, namely, the Round Lake Summer Institute, and providing that it be kept invested and the income applied for the support and maintenance of said institute, plainly constitutes a trust. (*Leggett* v. *Perkins,* 2 N. Y. 297 ; *Tobias* v. *Ketchum,* 32 N. Y. 319 ; *Robert* v. *Corning,* 89 N. Y. 225 ; *Underwood* v. *Curtis,* 127 N. Y. 523 ; *Matter of Wells,* 113 N. Y. 396 ; *Adams* v. *Perry,* 43 N. Y. 497 ; *Fosdick* v. *Town of Hempstead,* 125 N. Y. 595 ; *Taggart* v. *Murray,* 53 N. Y. 233 ; *Crozier* v. *Bray,* 120 N. Y. 366 ; *Smith* v. *Bell,* 6 Pet. 68.) The trust created by the 8th paragraph of the will unduly suspends the ownership and power of alienation of property and is in violation of the statute against perpetuities and void. (*Allen* v. *Stevens,* 161 N. Y. 122 ; *Cross* v. *U. S. Trust Co.,* 131 N. Y. 346 ; *Holmes* v. *Mead,* 52 N. Y. 332 ; *Beekman* v. *Bonsor,* 23 N. Y. 308 ; *Owens* v. *Missionary Soc.,* 14 N. Y. 405 ; *Fosdick* v. *Town of Hempstead,* 125 N. Y. 595.)

*Peter A. Delaney* for Charles H. Mills, special guardian of Jay Clark et al., infants, respondents. By the 8th clause of said will the testator attempted to create a trust estate. (*Ward* v. *Ward,* 105 N. Y. 68 ; *Underwood* v. *Curtis,* 127 N. Y. 537 ; *Tobias* v. *Ketchum,* 32 N. Y. 319.) Under the 8th clause of the will of said deceased, the absolute ownership of personal property is unduly suspended. (L. 1897, ch. 417, § 2 ; *Underwood* v. *Curtis,* 127 N. Y. 523.) The sus-

pension of the absolute ownership of the personal property attempted to be disposed of by the 8th clause of the will of deceased, not being limited by lives in being at the testator's death, is void. (*Adams* v. *Perry*, 43 N. Y. 487.)

*Edward O'Connor* for William Cleveland et al., respondents. The 8th clause of the will is void as it is in contravention of the statutes which restrict testamentary dispositions of property. (Redf. Surr. Pr. [4th ed.] 168.) The trust attempted to be created suspends the absolute ownership of personal property longer than the continuance of and until the termination of two lives in being at the death of the testator, and is, therefore, void. (*Duncklee* v. *Butler*, 38 App. Div. 99 ; *Ward* v. *Ward*, 105 N. Y. 68 ; *Boynton* v. *Hoyt,* 1 Den. 53 ; *Morgan* v. *Masterton*, 4 Sandf. 442 ; *Hone* v. *Van Schaick*, 7 Paige, 221 ; *Bailey* v. *Bailey*, 97 N. Y. 460 ; *Yates* v. *Yates*, 9 Barb. 324 ; *King* v. *Rundle*, 15 Barb. 139.)

GRAY, J. William Griffin, who died in 1898, left a last will and testament, bearing date January 8th, 1889, and two later codicils thereto. Upon his will being presented for probate, objections were made thereto by certain of the heirs at law and next of kin, upon various grounds relating to its execution and validity; but, subsequently, these objections were withdrawn. Thereupon the contestants requested the surrogate to pass upon the validity of the residuary bequest and devise in the 8th paragraph of the will, and the residuary legatee therein named having been brought into the proceeding, the surrogate determined that the attempted residuary disposition was illegal and void, upon the ground that " it violated the statutes and laws of this state against perpetuities and unduly suspended the absolute ownership of personal property and the power of alienation of the property intended to be bequeathed." The decree entered upon this decision was affirmed at the Appellate Division, in the third department, and the residuary legatee and executors have further appealed to this court.

The testator had made provision for the enjoyment by his wife of the income of the residuary estate during her life and for the use, after her death, by his sister-in-law, Caroline Garnsey, of certain premises at West Troy and then, by the paragraph whose validity is in question, made this disposition of his residuary estate : " *Eighth.* Upon the death of my said wife, I give and bequeath, grant and devise to the Round Lake Association, heretofore known as the Round Lake Camp Meeting Association of the Methodist Episcopal Church of the Troy Conference, all the rest, residue and remainder of my estate real and personal, subject, however, to the estate for life of my sister-in-law, Caroline Garnsey, in my said summer house, grounds, furniture and appointments, and in my said dwelling house at West Troy, the amount so hereby given to said association to be prudently invested by it, and the income and profits arising therefrom to be devoted and applied by said association to the support and maintenance of the school at said Round Lake known as the Round Lake Summer Institute." Other provisions of the will, or of the codicils, are unimportant, and the material extrinsic circumstances proved by the record can be briefly stated. The Round Lake Association was incorporated by a special act, in 1868. The charter set forth no corporate purpose ; but, under the authority given in section 3, it adopted a constitution ; article two of which defines its objects to be " the maintenance of a christian summer home and the promotion of education, morality and religion." It was incorporated in the interests of the Methodist Episcopal church, with a semi-religious classification. It was endowed by section six of its charter with the general powers and was subjected " to the general restrictions contained in the 18th Chapter of the First Part of the Revised Statutes ;" which, among other things, enabled it to hold and convey such " real and personal estate as the purposes of the corporation shall require " etc., (sec. 1), and declared that it shall not " possess or exercise any corporate powers except such as shall be necessary to the exercise of the powers enumerated and given." (Sec. 3.) It became the owner of a large tract of land in

Saratoga county, upon which were erected dwellings and various buildings. The property was developed as a place for summer residence. Then summer schools were opened and maintained, and the general work of education was promoted. Lectures upon, and instruction in, various branches of learning were offered from year to year and moneys were largely expended by friends of the corporation in the erection of buildings for educational purposes. In January, 1889, the Round Lake Summer Institute, the beneficiary of this residuary bequest, was provisionally chartered by the board of regents of the university of the state of New York, as an academy of the state, and in February, 1890, the provisional charter was made absolute by the board of regents. As such, it was subject to the restrictions imposed upon corporations generally and it was authorized to take by grant, bequest, or devise, real and personal property, to be held in trust for certain enumerated purposes and "for any specific purpose comprehended in the general objects authorized by the charter." (Chap. 318, Laws of 1840, and chap. 261, Laws of 1841.) Since its incorporation, it has been conducted as a public academy under the laws applicable to such educational institutes in the state. For many years before his death, the testator was the president of the Round Lake Association and of the Round Lake Summer Institute, and he had devoted himself, with zeal and with generosity, to the aid of the corporate enterprises at Round Lake and, especially, to the promotion of the educational work conducted at the Round Lake Summer Institute. He had interested himself in procuring its charter and, at the time of the execution of his will, the provisional charter had already been granted by the board of regents. It thus appears that the school work, which had been previously conducted as one of the departments or branches of the corporate work of the Round Lake Association, had been turned over to a separate and distinct corporation, organized as a public academy under the laws of the state.

The first question that demands our consideration, in the construction of this residuary clause, is whether the gift to

the Round Lake Association was an absolute one ; or whether a trust was attempted to be created by the testator for the benefit of the Round Lake Summer Institute. Upon that question I do not entertain any doubt. It reads plainly that the gift is to the Round Lake Association ; but that the donee's sole interest in the gift is to invest it and to apply the income and profits to the Round Lake Summer Institute. Though the word trust is not used in the paragraph, the bequest to the association was for the benefit of the institute. The dominion over the property devised was given to the association, as the legal owner, while the beneficial interest belonged to the institute. It is only by detaching the first part of this continuous sentence and by deliberately ignoring its latter part, that an absolute gift can be made out; but, under a familiar rule in the construction of wills, that will not do and the whole of the provision must be read together. So read, the intention to qualify the gift to the association and to make it a trust is evident, and the general provision becomes consistent and harmonious. The framework of the clause is that of a trust and every element for its constitution is present. It is quite immaterial that the bequest is not, in terms, expressed to be upon trust. (Story's Eq. Jur. § 964; *King* v. *Denison*, 1 Ves. & Beames, 260 ; *Fisher* v. *Fields*, 10 Johns. at p. 505 ; *Underwood* v. *Curtis*, 127 N. Y. 523, 537.) It was not the intention of the testator to give to the academy any control over the fund, or its investment.

The testator, therefore, having attempted to create this trust with respect to his residuary estate, the next question is whether the trust is one which can be given effect under the laws of the state. Under the law as declared to be in this state prior to the year 1893, there could have been but the one answer that such a trust violated the statute against perpetuities, in effecting a suspension of the power of alienation of property in a manner not permitted by the statutes. Corporations created for charitable purposes, and authorized by their charters to take, and hold property, might competently do so ; even when only the income might be expended and the princi-

pal was to be permanently kept.  The fact of incorporation with such a power exempted them from the operation of the statute against perpetuities and was, in effect, a repeal, *pro tanto*, of the statute.  (*Holmes* v. *Mead*, 52 N. Y. 332.) When the gift is limited to any of the uses and purposes of the corporation, and expressed to be as upon trust, it is not, in a strict sense, a trust; inasmuch as the corporation, in effect, takes it absolutely.  It could not be a trustee for itself; but it takes with an implied agreement on its part that it will comply with the condition on which the gift was made by the donor.  In that respect, its duty may be regarded as fiduciary in character.  The gift to the corporation being immediate and the title to the property given vesting at once, there is no suspension of its ownership, or of its alienability. Nor does the fact that the donee will be held to a strict compliance with the dictation of the donor, as to the application of the income to some particular corporate purpose, affect the ownership.  (*Wetmore* v. *Parker*, 52 N. Y. 450.)  If the bequest in question had been for some, or all, of the corporate purposes of the Round Lake Association, there could have been no question about its validity and the difficulty is in the fact that the Round Lake Summer Institute, since its incorporation, has ceased to be one of the departments, or a branch, of the former corporation.  While, in a general, or popular, sense, the institute might be regarded as connected with the work of the association and as under its fostering care and protection, in a legal sense, it is a distinct legal entity, with its own corporate powers and duties, and as separate a body, as is any other public academy, or college, in the state.  As one of the public academies of the state, it is entitled to its quota of state funds and it is required to be unsectarian and undenominational in its conduct and management.  (1 R. S. ch. 15, art. V, sec. 49, and Constitution, art. IX, §§ 3, 4.)  It was legally capable of taking and holding a bequest of property for any of its educational purposes, or as specified in chapter 318 of the Laws of 1840; but it was not given capacity to become the beneficiary of a trust.  In *Adams* v. *Perry*, (43

N. Y. 497), the bequest was to trustees to invest and to pay the income to the trustees of the Lowville Academy, to be by them expended, etc., and it was held that there was " an attempt made to create a perpetual trust in favor of the Lowville Academy ; " which could not be sustained under the acts of 1840 and 1841. " These acts," it was said, " give to the corporation described therein capacity to take property granted or devised to them in trust for the purposes therein specified ; but do not authorize the creation of any trust of which such corporations shall be the beneficiaries, while others are the trustees, not warranted by the existing law, or give any validity to any such trust. To render these statutes applicable, the property must be given to the corporation upon some trust thereby authorized." (*Holmes* v. *Mead, supra,* p. 339.)   The trust attempted by the testator was, therefore, beyond the power of the Round Lake Association to execute.   It had no powers except those expressly conferred, or which are to be implied as incidental to the exercise of those conferred, and they would not include the power to act as trustee for another corporation.   Nor could the bequest be given effect as an absolute gift to the association, not being for any of its corporate purposes. (*Fosdick* v. *Town of Hempstead,* 125 N. Y. 581; *Holmes* v. *Mead, supra.*)

In *Williams* v. *Williams* (8 N. Y. 525), it was declared that the law of England upon the subject of gifts to charitable uses, as it was administered by the Court of Chancery, became, at the time of the adoption of our Constitution, and continued to be, the law of this state.   Under that legal system, charitable trusts were favored by the court and effectuated by the exercise of prerogative powers.   But with the decision in *Holmes* v. *Mead* (*supra*), the question whether the English law of charitable uses had become the law of this state, as held in the *Williams* case, was settled.   The *Williams* case, as an authority to the effect that gifts to charity etc. were not within the statute against perpetuities, nor were avoided by indefiniteness of the beneficiary, after several

attacks upon its soundness, was, finally, repudiated and it was held that the provisions of the Revised Statutes, in their abolition of all uses and trusts, except those specifically named, included all charities. (1 R. S. 727, § 45.)

In 1893, the legislature passed an act, (Chapter 701 of Session Laws), which, as recently construed in *Allen* v. *Stevens* (161 N. Y. 122), restored the law as it was declared to be in this state in *Williams* v. *Williams*. The act was entitled, "An act to regulate gifts for charitable purposes" and contained two sections. The first section provided that "no gift, grant, bequest or devise to religious, educational, charitable, or benevolent uses, which shall, in other respects be valid under the laws of this state, shall or be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same." It, further, provides that, if a trustee is named in the instrument, the legal title to the property given shall vest in such trustee; but "if no person be named as trustee then the title to such lands or property shall vest in the supreme court." By the second section, it is provided that "the supreme court shall have control over gifts, grants, bequests and devises in all cases provided for by section one," and directs the attorney-general "to enforce such trusts by proper proceedings in the court." In *Allen* v. *Stevens* the question arose over the residuary clause of a will, wherein the testator gave the residue of his estate to trustees for the purpose of founding, erecting and maintaining "Graves Home for the Aged," in the city of Syracuse, in this state. It was contended that the bequest was bad for the indefiniteness of the beneficiaries and because, although intending to found a permanent charity, the testator did not direct the formation of a corporation within two lives in being, to take over the trust property. The case decided that the act of 1893 had so far amended the law relating to the subject of charitable bequests, as to make it possible to effectuate the testator's intention. The opinion reviews the decisions since the case of *Williams* v. *Williams*, and prior to the act of

1893, which resulted in the overruling of that case and in limiting all charitable gifts to the provisions of our statutes of uses and trusts. The frequent miscarriages of the intentions of donors to charity etc. were commented upon and the conclusion was reached that the legislature intended, in the enactment of the law of 1893, to furnish a remedy for such cases in the future. It was held that thereby the legislature intended to restore to courts of equity that power to administer charitable trusts, which they were declared to have by the decision in the *Williams* case. This intention was found to be manifest in the broadness of the title of the act and in the grant of power over charitable gifts to the Supreme Court, and the construction given effectuated that legislative intention, notwithstanding the letter of the statute. The broad construction given to the provisions of the act of 1893, in *Allen* v. *Stevens*, relieves a gift under section one from the defect of indefiniteness of the beneficiary, or of a failure to name a trustee, and exempts it from the operation of the Statute of Perpetuities. We must accept the decision of that case as declaring that, to give practical effect to the legislation of 1893, it must be interpreted as reviving the ancient law as to gifts for charitable purposes and as preventing the failure of a trust, by vesting its administration in the Supreme Court. At common law, doubtless, this bequest would have been upheld. (See *McCartee* v. *Orphan Asylum Society*, 9 Cowen at p. 469.)

If the English common-law doctrine, relating to the administration of charitable bequests and devises, has been thus restored in this state, then there is but one apparent difficulty with respect to the bequest in this case. Section one is made to apply to a case where the gift shall, in other respects, be valid under the laws of this state. The Round Lake Association, as we have seen, could only take and hold property in trust for its corporate purposes. It was without legal capacity to act as trustee for the Round Lake Summer Institute. But this difficulty is, again, overcome, in my opinion, by the provisions of the act of 1893. In naming as trustee a corpora-

tion incapable of acting as such, the case is the same as if no trustee had been named in the will and under the provisions of the act, in such event, the property vested in the Supreme Court, which is charged with the duty of administering the trust for the benefit of the beneficiary. To hold otherwise would be to narrow the construction of the act of 1893 and to deny to it that practical effect, which will make it operative to save gifts to religious, charitable, educational and benevolent uses. As was formerly the rule in equity, so with this statute in force, a trust shall never fail for want of a trustee to execute it. While a trustee is, ordinarily, an essential element in the creation of a trust, the statute makes provision, in effect, that a trust for charitable purposes shall not fail for want of one and vests the Supreme Court with the title to the property and with its administration. Some difficulties might suggest themselves, with reference to the exercise by the Supreme Court of functions non-judicial in character; but the objection is without force, in view of its broad investment of powers by the statute.

Nor can it be objected that in these conclusions a subversion of the testator's intentions is worked. While he intended, undoubtedly, that the legal ownership and control of the property given should be in the Round Lake Association, that corporation was not to derive the slightest corporate benefit from the gift. That was, exclusively, for the Round Lake Summer Institute. Our construction gives effect to the intention to aid that institution, which was so greatly the object of the testator's interest during life, and to which he devoted the use of the bulk of his property after death.

For these reasons I think the judgment appealed from should be reversed and that the matter should be remitted to the Surrogate's Court for the entry of a decree adjudging the eighth paragraph of the will to be valid.

Cullen, J. In my opinion the testator did not intend by the eighth paragraph of his will to create a trust in favor of the incorporated academy named the Round Lake Summer

Institute, but to make an absolute gift for its own benefit to the Round Lake Association, formerly known as the Round Lake Camp Meeting Association of the Methodist Episcopal Church. I concede that a direction for the investment of a fund and application of its income would be sufficient to create a trust where it appeared from the terms of the will taken as a whole, and the situation of the parties, that such was the intent of the testator, even though he did not in express terms provide that the gift should be in trust. I think that in the present case the terms of the will and the situation and character of the alleged trustee and beneficiary plainly negative any such intent.

1. The camp meeting association would be one of the last institutions that a business man, which the plaintiff was, would be likely to select as a trustee for the investment and management of property for the benefit of a third party. Had the testator intended to create a trust for the academy he would have selected for its trustee either an individual, or a trust company, or some similar corporation.

2. If the testator intended that the incorporated academy should be the beneficiary of a trust he would have said " to the support and maintenance of the *academy* at said Round Lake," etc., instead of using the word *school*. He was perfectly aware at the time of making the will that the legal name of such an incorporation was " academy."

3. The Round Lake Association is strictly a denominational institution. The testator was an active Methodist and had been president of the association for some years. The incorporated academy has no denominational character and cannot, under the law, assume one. So long as it maintains its present connection with the Round Lake Association it may subserve all the purposes that the testator wished to accomplish of instruction to the members of the association and visitors to its grounds ; but this connection is casual, not necessary or inherent, and may at any time in the future be wholly severed. In such case, under the interpretation given to his will by Judge GRAY, the testator's intent will be frustrated. He

intended to give his property for denominational purposes, and it was the denominational character of the beneficiary that appealed to his charitable instincts. His gift to the Round Lake Association was doubtless for the purpose expressed in his will of maintaining a school by the association, as had been done for some time before the incorporation of the academy, but still for the purpose of maintaining a school which should be a part of and entirely dependent upon the association, and not for a separate corporation that in the future might become wholly disassociated from the Round Lake Association. In other words, he intended to give his property to the Round Lake Association, to maintain its own school, not as trustee for the benefit of another, though doubtless it may use the other for the purpose so long as the parties contract therefor. Such a gift, though the corporation may be instructed to maintain the principal intact and use the income only for a specific purpose, does not create a trust. ( *Wetmore* v. *Parker*, 52 N. Y. 450; *Bird* v. *Merklee*, 144 N. Y. 544.)

The judgment appealed from should be reversed and the eighth clause construed as constituting an absolute gift to the Round Lake Association.

BARTLETT, MARTIN and WERNER, JJ., concur with CULLEN, J.; PARKER, Ch. J., and VANN, J., concur with GRAY, J.

Judgment reversed, with costs to appellant payable out of estate, and the matter remitted to the Surrogate's Court for the entry of a decree holding the eighth paragraph of the will valid and construing it in accordance with the opinion of CULLEN, J.