Surrogate's Court, New York County, September, 1919.   [Vol. 108.

of law to supersede the bid.  His subsequent change of mind or ability to obtain the necessary funds whereby he was led to put in the second bid did not constitute such an unintentional mistake in making the first bid as would entitle his company to relief in equity under any authorities that I have been able to find.  There was no mistake which equity can be called upon to correct and petitioner had no right to withdraw the bid even with the permission of the commission.

Since the petitioner does not seem to have any right to the relief sought, it is unnecessary to consider whether the correct remedy therefor would be by mandamus or by action for rescission of the first bid.

The application of petitioner is denied.

Application denied.

---

Matter of the Application of HARRY FREUDENHEIM, MORRIS FREUDENHEIM and LOUIS FRANKLIN LEE, Trustees under the Last Will and Testament of MORRIS GOLDBERG, Deceased.

(Surrogate's Court, New York County, September, 1919.)

Wills — construction of — charitable corporations — trusts — Supreme Court — when petition dismissed.

> Upon the death of testator's widow the testamentary trustees were directed to organize a charitable corporation as a home for Jewish female minors and to pay the residuum of the estate to it, to be applied in the conduct, maintenance and support of said home.  Although the trustees had, in hand funds available for the charitable foundation, they, without attempting to form the corporation contemplated by their testator, petitioned for a construction of this provision of the will and contend that the gift is not a charitable use, while the attorney-general urges that it is, and that the trust should be enforced. *Held*, that justice would be best subserved by a dismissal of the petition without prejudice, with liberty to the parties to raise all questions here presented in any future legal proceeding in

this court or elsewhere and the petition is accordingly dismissed.

In a suit or proceeding in the Supreme Court in which the attorney-general, as general conservator of charities and public trusts, may present in proper form the whole issue, which is grave, the court may grant much fuller relief than can possibly be given in the present proceeding.

APPLICATION for the construction of a will.

Eisman, Lee, Corn & Lewine (Walter Lindner, of counsel), for petitioners.

Charles D. Newton, attorney-general (Robert P. Beyer, deputy attorney-general, of counsel), for State of New York.

FOWLER, S. This matter came on for hearing on a petition by the trustees annexing a copy of the last will of Morris Goldberg, deceased. It appears that a citation was directed by this court to be issued on the petition, and that thereafter the attorney-general appeared and answered the petition. The questions raised by the pleadings are close and involved and I have thought much about them.

This matter involves the validity of an important charity. Too many charities are permitted to fail in this state. I hesitate to make a decree in so important a matter in a proceeding of this kind, without any formal trial, without any *viva voce* testimony, and on a mere petition and answer for construction of the will of deceased. It seems to me that the procedure is much too informal for so grave a matter as this. In several causes pending in this court I have expressed my doubts concerning the equitable jurisdiction which the legislature intended to confer on this court in matters of this kind. *Matter of Harden,* 88 Misc. Rep.

34

420; *Matter of Catlin,* 89 id. 93; *Matter of Kohler,* 96 id. 433.

The sections of the Code relating to the jurisdiction of the surrogate in matters of this kind are not mandatory and if, for any good reason, the surrogate thinks it inexpedient or unjust to proceed to a judgment I take it that he is at liberty to dismiss the proceeding without prejudice to the parties.

Now, what are the facts and circumstances thus far apparent in this cause? The trustees, on their own showing, having ratified the will of their testator by their acceptance of office, are now questioning the validity and effect of a portion of a clause of the testator's will and they have made no effort to carry out its provisions. After disposing of the income of the residuary estate during the life of his widow, the will of the testator provides that: *"Fifthly.* * * * and upon her decease, to hold the same upon several separate and distinct trusts as follows: * * * (g) Further, to form, organize and incorporate a charitable corporation to be conducted and maintained as a home for Jewish female minors, and to pay to said corporation the residuum of my estate. Said corporation shall bear the name 'Morris Goldberg and Rachel Goldberg Home for Jewish Female Minors.' Such residuum, after its payment to said corporation, shall be applied to the conduct, maintenance and support of said home. If, in the opinion of the managers and directors of said corporation, it be desirable to erect a building for the purpose of said home, they are authorized to do so, provided the capital of said corporation warrant such an expenditure. The details of the conduct, maintenance and support of said home I commit to the incorporators, directors and managers thereof, except that I desire that the applications for the benefits thereof shall be limited to female persons between the

ages of five and twenty years. I desire that the managers, directors and incorporators of said institution invite and welcome the aid and support, financial or otherwise, of all persons charitably disposed.'' The widow died in July, 1918. It is apparent that the trustees have made no attempt to form the corporation which the testator contemplated, although the sum of $225,000 is now in their hands and available for the charitable foundation mentioned in the testator's will.

On the contrary, the testamentary trustees are here contending that the gift is not a charitable use. They argue that they find in the will merely a bequest to a particular corporation to be formed, at some period *in futuro,* and that this violates the statute of perpetuities, because as they maintain, a corporation under the terms of the will could not in any event be formed until some indefinite time after the widow's demise. Mr. Attorney-General very properly opposes this contention, and urges that the gift is a charitable use, and that the trust should be enforced in this proceeding. I reviewed the modern law of charities in this state in *Matter of Cunningham,* 76 Misc. Rep. 120; affd., 206 N. Y. 601.

After close examination I confess that this case is embarrassing, and the proper remedy is not clear in this court. Much may be said on either side of the contention. Certainly I do not see my way at the moment, in this proceeding, to accept the view of the learned attorney-general, that a valid charitable use was created. Nor do I see my way clear to help the purpose of the testator, to make a gift to a corporation to be formed, by directing the formation of the corporation which he enjoined upon his testamentary trustees. The testator's wish should, if possible, be executed. Whether a charitable bequest to an in-

dividual or to a corporation to be formed is now the same in our present jurisprudence as a gift to charitable uses I doubt. While the two forms of bequest may at times be hard to distinguish (*Matter of Griffin,* 167 N. Y. 71), there is apparently a distinction which should not be overlooked. *Bird* v. *Merklee,* 144 N. Y. 550. Formerly this distinction was availed of in this state in order to sustain donations to charities, at a time when the jurisprudence of this state frowned upon charitable uses. Since the amendment of the law of charities the distinction between a trust for charitable uses and a gift for charity seems still to be recognized. *Matter of Griffin, supra; Fralick* v. *Lyford,* 107 App. Div. 543; affd., 187 N. Y. 524. The law of this state apparently contra-distinguishes the consequences of these two forms of bequest. A gift to a corporation to be formed is permitted, provided it must vest within two lives in being. *Burrill* v. *Boardman,* 43 N. Y. 254; *Shipman* v. *Rollins,* 98 id. 311. The limitation should be sufficient to pass a valid legal title to a legatee capable of taking within that time. *Wright* v. *Wright,* 225 N. Y. 329. Otherwise the legacy may lapse. On the other hand a limitation for a charitable use apparently need not be so carefully framed as a direct limitation, and it can be validly created even without the appointment of a trustee. *Ely* v. *Megie,* 219 N. Y. 112, 144.

As the testamentary trustees have not formed the corporation contemplated by the testator, the bequest in the testator's will cannot be effected at present. The contingency for vesting in the corporation to be formed has, by reason of the action of the trustees, not happened. The legacy for charitable purposes set forth in Mr. Goldberg's will seems to be similar to a bequest to unascertained persons, whose identification is left to the future, or to a gift to unborn per-

sons. If the legacy is construed as a charitable use the delay in incorporation is not fatal. The attorney-general, on application to the Supreme Court, may be able to enforce the benefaction. Pers. Prop. Law, § 12; *Matter of Lyon,* 173 App. Div. 473.

In our modern law of charities I am not satisfied that any rule of law, or recognized canon of construction, determines that the testator's gift, in this instance, is to be construed as a charitable use. Nor am I satisfied that it is not. Doubtless testator intended a gift to charity. The legacy which he wrote into his testament does not, however, express a general purpose to give to charity. To constitute a charitable use, *strictissimi juris,* there must be a gift, not merely for a purpose defined as charitable, but on trusts for charitable purposes. Now, the will in question contemplates a donation to a particular legatee, not a trust.

Yet it is clear that the object for which the Goldberg home was to be incorporated was in one sense charitable. Had the gift been one for the benefit of female minors, it would be a charitable use, for *personae incertae,* and a trust would then arise. But is there a trust by this will? The testator's will seems to constitute a legal gift to a particular agent, to be formed, to carry out a charitable purpose. Charity is ultimately contemplated, but not by a trust. It is to be dispensed by the testator's corporation, and by no other means. Indirectly a gift to charity results when a corporation comes into existence solely as an incident to a charter requiring the use of corporate funds for charity. Here the testator's will contemplated a gift to a particular institution, and not a general unrestricted gift for the benefit of female minors. A gift in order to be a charitable use must be more than

Surrogate's Court, New York County, September, 1919. [Vol. 108.

a mere donation to a corporation to be formed for charitable purposes. *Matter of Griffin, supra.*

I have some doubt whether the trustees can take the gift as members of an unincorporated association until the corporation's formation. It is a rule of law that a gift to an unincorporated association cannot be enforced. *Matter of Collier,* 97 Misc. Rep. 543; 179 App. Div. 950; *Hughes* v. *Stoutenburgh,* 168 id. 512, 520; *Manley* v. *Fiske,* 139 id. 665; affd., 201 N. Y. 546; *Fralick* v. *Lyford,* 107 App. Div. 543; affd., 187 N. Y. 524; *Ely* v. *Megie,* 219 id. 112, 143; *Kernochan* v. *Farmers Loan & Trust Co.,* 187 App. Div. 668. If the testator has made a gift to the testamentary trustees to establish a home it may be valid as a charitable use. *Ely* v. *Megie, supra; Butterworth* v. *Keeler,* 219 N. Y. 448. This construction may, however, disregard the predominating idea of the testator, already referred to, to give the funds to a particular legatee, and not to create a trust. But I have no fixed impression in the premises, only doubts, which I will not attempt to resolve in this present proceding. This may be a case for the application of the *cypres* doctrine, not yet fully worked out by the courts of equity in this state.

After mature reflection I have concluded that justice will be better subserved in this matter if I should dismiss the petition, without prejudice and with liberty to the parties to raise all the questions here presented again in any future legal proceeding which may arise, either in this court or elsewhere. The attorney-general, as the general conservator of charities and public trusts, may, in the meantime, see fit to proceed, or take steps in the Supreme Court against the trustees under the will, to compel them to form the corporation contemplated by the testator. The trustees will doubtless make a contest, thus pre-

senting in proper form the whole issue, which is grave, to the Supreme Court. In such a suit or proceeding the court now possessed of plenary chancery jurisdiction, as well as of full legal jurisdiction over corporations, may give much fuller relief than I can possibly give while sitting in this court. The parties will also then have the advantage of a formal trial, and not the disadvantages incident to such a shortcut as the present proceeding in this court. Petition dismissed, without prejudice.

Decreed accordingly.