CITY BANK FARMERS TRUST COMPANY, as Trustee under a Deed of Trust Made by MARY G. ABBEY, Appellant and Respondent, *v.* SUSAN M. ARNOLD et al., Defendants; MARGERY E. ARNOLD et al., Respondents and Appellants, and NATIONAL ACADEMY OF DESIGN et al., Respondents.

298

(Argued April 29, 1935; decided July 11, 1935.)

*Charles Angulo* and *Benjamin Nassau* for plaintiff, appellant and respondent. The gift to the American Academy in Rome was a gift to a charitable corporation for one of its corporate purposes and not an express trust of which the American Academy in Rome was merely trustee. (*Williams* v. *Williams,* 8 N. Y. 525; *Wetmore* v. *Parker,* 52 N. Y. 450; *Matter of Griffin,* 167 N. Y. 71; *Bird* v. *Merklee,* 144 N. Y. 544; *Matter of Durand,* 194 N. Y. 477; *Corporation of Chamber of Commerce* v. *Bennett,* 143 Misc. Rep. 513; *Tucker* v. *St. Clemens Church,* 8 N. Y. 558; *Holmes* v. *Mead,* 52 N. Y. 332.) If there was a gift to the American Academy in Rome and not a trust, the *cy pres* doctrine is inapplicable. (*Levy* v. *Levy,* 33 N. Y. 97; *Holmes* v. *Mead,* 52 N. Y. 332; *Tilden* v. *Green,* 130 N. Y. 29; *Allen* v. *Stevens,* 161 N. Y. 122;

Mount v. *Tuttle*, 183 N. Y. 358; *Corporation of Chamber of Commerce* v. *Bennett*, 143 Misc. Rep. 513; *Sherman* v. *Richmond Hose Co.*, 230 N. Y. 462; *Albany Hospital* v. *Albany Guardian Society*, 214 N. Y. 435; *Wright* v. *Wright*, 225 N. Y. 329; *Fralick* v. *Lyford*, 107 App. Div. 543; 187 N. Y. 524; *Matter of Compton*, 72 Misc. Rep. 289; *Matter of Rappolt*, 140 Misc. Rep. 239; *Matter of Harrington*, 243 App. Div. 235.)

*Cornelius J. Smyth*, as guardian *ad litem* for Margery E. Arnold et al., infants, defendants, respondents and appellants. The legacy to the American Academy in Rome was an absolute gift and not a trust. (*Fralick* v. *Liford*, 107 App. Div. 543; 87 N. Y. 524; *Wetmore* v. *Parker*, 52 N. Y. 450; *Matter of Griffin*, 167 N. Y. 71.) The gift to the American Academy in Rome lapsed by virtue of the rejection thereof. (*Mount* v. *Tuttle*, 183 N. Y. 358; *Saltsman* v. *Greene*, 136 Misc. Rep. 497; *Ely* v. *Megie*, 219 N. Y. 112; *Matter of Compton*, 72 Misc. Rep. 289; *Matter of Collier*, 97 Misc. Rep. 543; 179 App. Div. 950; *Manley* v. *Fiske*, 139 App. Div. 665; 201 N. Y. 546; *Fralick* v. *Lyford*, 107 App. Div. 543; 87 N. Y. 524; *Albany Hospital* v. *Albany Guardian Society*, 214 N. Y. 435; *Wright* v. *Wright*, 225 N. Y. 329.) The *cy pres* doctrine is not applicable to the gift to the American Academy in Rome. (*Matter of Rappolt*, 140 Misc. Rep. 239; *Catt* v. *Catt*, 118 App. Div. 742; *Sherman* v. *Richmond Hose Co.*, 230 N. Y. 462.)

*John S. Montgomery* for Royal Academy of Arts, defendant, respondent and appellant. The court erred in holding that the gift to the American Academy in Rome did not lapse. (*Matter of Rappolt*, 140 Misc. Rep. 239; *Ely* v. *Megie*, 219 N. Y. 112; *Fralick* v. *Lyford*, 107 App. Div. 543; 87 N. Y. 524; *Williams* v. *Williams*, 8 N. Y. 525; *Bird* v. *Merklee*, 144 N. Y. 544; *Matter of Griffin*, 167 N. Y. 71; *Sherman* v. *Richmond Hose Co.*, 230 N. Y. 462; *Matter of Donchian*, 120 Misc. Rep. 535.)

*E. Lacy Finnan* and *Joseph W. Drake* for The Incorporated Edwin Austin Abbey Memorial Scholarships, defendant, respondent and appellant. The gift to the American Academy in Rome is absolute. (*Catt* v. *Catt*, 103 N. Y. Supp. 740; *Matter of Kathan*, 141 N. Y. Supp. 705; *Williams* v. *Williams*, 8 N. Y. 525; *Wetmore* v. *Parker*, 52 N. Y. 450; *Bird* v. *Merklee*, 144 N. Y. 544; *Matter of Griffin*, 167 N. Y. 71.) The gift lapsed upon the renunciation by the American Academy in Rome. (*Burritt* v. *Silliman*, 13 N. Y. 93; *Booth* v. *Baptist Church*, 126 N. Y. 215; *Albany Hospital* v. *Albany Guardian Society*, 214 N. Y. 435; *Fralick* v. *Lyford*, 107 App. Div. 543; 187 N. Y. 524; *Matter of O'Hanlon*, 147 Misc. Rep. 546; *Matter of Compton*, 72 Misc. Rep. 289; *Matter of Rappolt*, 140 Misc. Rep. 239.)

*Louis Bevier* for National Academy of Design, respondent. Substituted trustees should be appointed whether the gift be held to be absolute or in trust. (Cons. Laws, ch. 41, § 12; *Fralick* v. *Lyford*, 107 App. Div. 543; 187 N. Y. 524; *Wait* v. *Society for Political Study*, 68 Misc. Rep. 245; *Matter of Compton*, 72 Misc. Rep. 289; *Matter of Rappolt*, 140 Misc. Rep. 239; *Matter of Winburn*, 139 Misc. Rep. 5; *Matter of Fitzsimmons*, 29 Misc. Rep. 731; *Matter of Donchian*, 120 Misc. Rep. 535; *Matter of Mills*, 121 Misc. Rep. 147; *Matter of Patterson*, 139 Misc. Rep. 872; *Matter of Walter*, 150 Misc. Rep. 512; *Manley* v. *Fiske*, 139 App. Div. 665; *Ely* v. *Megie*, 219 N. Y. 112; *Matter of Shattuck*, 193 N. Y. 446; *Bowman* v. *Domestic & Foreign Missionary Society*, 182 N. Y. 494.) The gift to the American Academy in Rome was in trust. (*Matter of Miller*, 149 App. Div. 113; *Bowman* v. *Domestic & Foreign Missionary Society*, 182 N. Y. 494.)

*John J. Bennett, Jr., Attorney-General* (*Robert P. Beyer* and *Henry Epstein* of counsel) for State of New York, respondent. The provisions of the deed of trust create a trust for educational purposes, valid and enforceable

under the provisions of section 12 of the Personal Property Law. (*Butterworth* v. *Keeler*, 219 N. Y. 446; *Hamburger* v. *Cornell University*, 204 App. Div. 664; 240 N. Y. 328; *Iseman* v. *Myres*, 26 Hun, 651; *Farmers Loan & Trust Co.* v. *Ferris*, 67 App. Div. 1; *Matter of Davidge*, 200 App. Div. 437; *Matter of Frasch*, 245 N. Y. 174; *Matter of Judd*, 242 App. Div. 389; *Matter of Shattuck*, 193 N. Y. 446; *Matter of Robinson*, 203 N. Y. 380; *Matter of Cunningham*, 206 N. Y. 601; *Matter of MacDowell*, 217 N. Y. 454; *Edgar* v. *Waldo*, 227 N. Y. 656; *Manley* v. *Fiske*, 139 App. Div. 665; 201 N. Y. 546.) On the refusal of the trustees of the American Academy in Rome to accept the trust fund, the court below was justified in the application of the *cy pres* doctrine in carrying the same into effect. (*Bowman* v. *Domestic & Foreign Missionary Society*, 182 N. Y. 494; *Matter of Cunningham*, 76 Misc. Rep. 120; 151 App. Div. 940; 206 N. Y. 601; *Matter of Frasch*, 245 N. Y. 174; *Matter of MacDowell*, 217 N. Y. 454; *Sherman* v. *Richmond Hose Co.*, 186 App. Div. 417; *Camp* v. *Presbyterian Society*, 105 Misc. Rep. 139.)

CROUCH, J. In April, 1931, Mary Gertrude Abbey made and delivered to the plaintiff trustee a deed of trust and turned over to it cash and securities having an estimated market value of nearly $1,500,000. The settlor was the widow of Edwin Austin Abbey, an American artist of distinction, particularly in the field of mural painting. The entire income was payable to the settlor during her life, and upon her death by far the larger part of the principal was, in a manner intended to perpetuate the name and fame of her husband, devoted to purposes broadly educational and benevolent. Disregarding certain abortive contingent gifts, the dispositive provisions of the trust deed are by its terms grouped and classified as preferred and unpreferred.

The settlor died a few months after making the deed. At that time it was found that the fund was insufficient

to permit any payments on the unpreferred donations, and that the preferred donations would have to abate forty per cent or more from their face amounts. Included in the preferred group was the following:

" e. To pay over out of the principal of said trust fund to the Trustees in New York of the ' American Academy in Rome ' (of which the Settlor's husband was one of the original incorporators) the sum of One hundred and fifty thousand dollars ($150,000) (thus constituting him a Founder) to be held in Trust however as a memorial to Settlor's husband and the capital shall be kept unimpaired. The capital shall be invested and be kept perpetually invested in such securities as they shall deem proper and from time to time they may vary or transfer any such investments into or for such securities as they may think advisable and the income of said One hundred and fifty thousand dollars shall be used as follows: They, the said Trustees, shall form and incorporate an association entitled ' The Incorporated Edwin Austin Abbey Memorial Scholarships for Mural Painting in the United States of America ' based on the form of incorporation carried out in London, England, on the 30th day of March, 1926, a copy of which will be provided by my Trustee or Executor, the City Bank Farmers Trust Company, or the incorporation may be carried out in some other way if thought advisable."

Subsequent provisions of the paragraph, too extended for quotation, outline the purposes and scope of the association. In substance, the association, through a council composed of eight members whose qualifications are prescribed, was to establish and thereafter to award certain scholarships, the holders of which were to follow courses of study in mural painting formulated and supervised by the council in accordance with the known ideals of Edwin Austin Abbey for the training of a mural painter.

The American Academy in Rome (hereinafter called the Academy) is a corporation created by act of Congress, constituting the persons therein named (among whom is Edwin Austin Abbey), their associates and successors, a body politic in the District of Columbia, " For the purpose of establishing and maintaining an institution to promote the study and practice of the fine arts and to aid and stimulate the education and training of architects, painters, sculptors, and other artists by enabling such citizens of the United States as shall be selected by competition from among those who have passed with honor through leading technical schools or have been equally qualified by private instruction or study to develop their powers and complete their training under the most favorable conditions of direction and surroundings." The act authorizes the corporation to adopt a constitution, by-laws and regulations and to hold real estate in the United States and in Italy for its uses and purposes. The by-laws provide that persons named in the act of incorporation shall be charter members; and that persons donating not less than one hundred thousand dollars shall be founders.

The Academy, for reasons which do not appear, rejected the donation of $150,000. The principal question before us is the disposition to be made thereof. The answer rests largely upon the construction of the provisions of the paragraph quoted above which embody it. The contention of the plaintiff and others is that the donation to the Academy was an outright gift to a charitable corporation for one of its corporate purposes; that where such a gift is rejected, the *cy pres* doctrine is inapplicable; and, therefore, that the amount of the rejected gift may be distributed proportionately among the other preferred donees, thereby decreasing the percentage of abatement.

The courts below, however, have construed the paragraph as creating a charitable trust and have held that the rejection of the donation does not result in a failure

of the gift, but that under the *cy pres* doctrine new trustees should be appointed to carry out the purpose of the settlor in accordance with the general plan outlined in the deed of trust.

It is, of course, true that the use by the settlor of words of trust is not conclusive as to the character of the donation. (*Wetmore* v. *Parker*, 52 N. Y. 450, 458, 459; *Bird* v. *Merklee*, 144 N. Y. 544, 550.) It is also true that the parenthetical reference to the payment over to the Academy of $150,000 as thus constituting the settlor's husband a founder, is some indication of an intent to make an outright gift to the Academy for its own purposes; but that in turn is not conclusive. The settlor may very well have supposed that a gift in trust for the purposes outlined would be considered a founder's donation. What seems conclusive to us is the fact that the purposes for which the income of the fund was to be used were to be achieved under the direction and according to the views of a body of men over whom the Academy was to have no control whatever. Moreover, they were purposes which might conceivably conflict with those of the Academy itself. Under such circumstances, it is going too far to say that the gift was intended for one of its own corporate purposes. It is not clear on the record whether the council of the scholarship association was to function as a board of trustees or as something like a faculty, or as both. Its members were to be mostly artists and architects who were also trustees in New York of the Academy as well as members of the National Academy of Design in New York. In any event, once chosen, they were to act only in accordance with the scheme of the settlor outlined in the deed of trust and hence beyond any control by the Academy. The essential object of the scholarships seems to have been the training of mural painters according to the ideals of Edwin Austin Abbey. For aught that appears, those ideals may have been anathema to the Academy which was

maintaining and operating its own school in Rome according no doubt to its own ideals of training. So far as we can see, the sole function of the Academy after it had set up the scholarship association was to hold and invest the fund and in some manner not clearly stated to pay out the income, not for its own purposes but for those of an entirely distinct and separate entity. That is the function of a mere trustee. *Matter of Griffin* (167 N. Y. 71) and *Matter of Durand* (194 N. Y. 477) largely relied upon by the plaintiff, afford it no comfort under the facts here.

There is no serious contention that the *cy pres* doctrine is inapplicable, as matter of law, if the gift was by way of trust. The essential and dominant purpose of the settlor can be fulfilled. The plaintiff, however, urges various reasons why the power of the court to deal with the case *cy pres* may not be appropriately exercised here. The point is probably one with which this court should not deal; it relates to a matter of discretion rather than to one of law.

The other matters raised by the appeals of the defendants-appellants were, we think, rightly disposed of below and require no discussion.

The judgment should be affirmed, with costs to all parties appearing by separate counsel and filing separate briefs payable out of the estate.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Judgment affirmed, etc.