William T. Collins, S.
The executor and trustee under the will of the testatrix seeks a determination of the validity of the gifts in the eighth and ninth paragraphs of the will. The eighth paragraph disposes of property which the testatrix describes as ‘ ‘ my factories and all factories in which I shall have an interest at the time of my death ”. The petition does not state the kind and character of the property so described. The petitioner asserts in his brief that all of the factories except one were owned and operated by corporations of which the decedent owned shares of stock. Quite properly, other parties object to reference in the argument to matters which are not part of the record herein. While none of the parties challenges the jurisdiction of this court in respect of any of the property owned by the testatrix, it is obvious that jurisdiction will depend to some extent upon the nature of the property and its situs. The domicile of the testatrix was in this county. This court has undoubted jurisdiction to determine the validity of the will with respect to all real property located in New York and all of the personal property of the testatrix. It would have no jurisdiction to determine the validity of dispositions of immovable property having a situs outside the State of New York. What is said herein must be understood, therefore, as relating only to property over *165 which this court has jurisdiction and must not be interpreted as asserting the power to determine questions which are outside its jurisdiction.
The will of Miss Myles bears marks — extrinsic as well as intrinsic — of its having been made outside of New York and in a State where the common-law rule of perpetuities prevails. There has been no effort on the part of the draftsman to avail himself of the devices commonly used to indicate that the New York Statute of Perpetuities is in mind. The aim and purpose of this testatrix could have been expressed in text that would have afforded no basis at all for attack upon the validity of the will. Validity does not depend, however, on mere choice of words. We must look to the substance of the provisions and the real aim and purpose of the testatrix.
The court reads the eighth and ninth paragraphs of the will as expressing the following purpose and plan of the testatrix: Having no near relatives to share in her property, she determined to devote her business properties to the use of the communities which helped her to build these enterprises. Her purpose is a charitable one. She states explicitly that the property is to be used ‘‘ for child care and education and other charitable purposes ” of each particular community. She believes that her charitable purpose will be best promoted by keeping the business enterprises in operation so long as they return net profits for the benefit of the charities. The factories can be kept profitable only if certain key people then associated with her in business can be induced to continue their active, loyal operation of the enterprises. Experienced and capable executives would probably continue to devote their time and talents to the business organizations if their efforts and loyal co-operation are given adequate financial recognition. Her plan, therefore, is to sot up in trust for charity all of her business properties so long as trained, tested and loyal executives remain to keep the properties productive; and to that end she has provided what appear to be reasonable, and perhaps generous, inducements to essential employees to continue their association with the businesses. Having no way of judging how the business enterprises could be profitably managed when all her present associates sever their connection with them, her plan for administering the properties comes to an end. After that point, she leaves it to the charities themselves to administer the property.
In the judgment of the court, the six employees named in the eighth paragraph of the will are not beneficiaries of the trust in the technical sense of that term. True, the will refers to them *166 in several instances as “ beneficiaries Such references, however, are merely convenient references in place of setting forth their names or giving them a longer and more accurate designation. Perhaps in a broad sense she could justify the use of the term. In the sense of a gratuitous gift, the characterization is inaccurate. What is perfectly clear from the terms of the entire paragraph is that these six persons are to receive moneys only for services rendered to the businesses. The testatrix introduces them by saying that they ‘ ‘ have been of assistance to me during my lifetime in the operation of my factories, and continue so to be at present ”. She expresses the desire and the command that three of them ‘ ‘ shall be and continue in the active operation of my said factories in the same general capacity as at the time of my death and shall continue to be so retained and employed so long as, in the opinion and discretion of my executor and trustee, he or she is mentally and physically capable of carrying out his or her duties; and during the period of employment shall continue to receive the same compensation for his or her services as at the time of my death. It is also my wish and desire and I direct that [the other three] shall continue to be employed in the active operation of my said factories in the same general capacity as at the time of my death for as long as, in the opinion and discretion of my executor and trustee, their services continue to be valuable and profitable to the particular factory where employed. As to the continued employment of the last three mentioned persons, it is my desire and I direct that my executor and trustee consult from time to time with [the three first named].”
It will be noted that the testatrix has directed that the three employees of prime importance continue to receive the same compensation that was paid to him or her at the time of the death of the testatrix. Obviously there could be no assurance of the continued interest of any such person in the business enterprises with no other financial inducement than the one stated. The testatrix patently realized that fact. She has therefore endeavored to secure the continued interest and cooperation of the key employees by provision for additional payments to them. The will directs that each year each of the six employees shall receive 5% of “ the net profits ” of the operation of each factory. It will be noted that the will does not provide payment for the six persons under all circumstances. The -will explicitly states that such payments are to be made “ to so many of such persons as shall still be in the employ and active operation of my said factories at the time of such distribution ”, (Emphasis *167 added.) The various charities are to receive all of the net profits except the sums which are payable to so many of the six named persons as shall be employed and actively operating the factories. Upon the death of all of the six named persons or upon the ‘ ‘ termination of the employment of all of such persons at my said factories ’ ’ the entire net proceeds are to be distributed to the charities.
The will expresses the desire of the testatrix and her mandate that the factories shall continue to operate so long as it appears “ that they are likely to operate profitably”. If, in the judgment of the trustee after consultation with three key employees, it appears that any particular factory cannot obtain profitable work or that it ‘ ‘ shall become desirable for any other reason to discontinue the operations of any particular factory ”, the trustee is directed to discontinue the operations of that factory and to sell its assets for the highest price obtainable. The proceeds of any such sale of any factory are to be distributed in much the same way as the net proceeds are to be distributed each year. Five per cent of the proceeds shall be paid to such of the six named employees “ as shall still then be employed in the active operation of my factories ”, and the remainder of the proceeds shall be paid to the particular town in which the factory is located, to be used by the town for child care, education and other charitable purposes.
The provisions for payment to the six employees or associates of the testatrix were patently intended as inducements to remain in “ the active operation of [her] factories ”. A promise to an employee of a share in the net profits of a business is a familiar method for evoking his best efforts and active interest in the financial success of the venture. The nature of the business organizations owned by this testatrix and her plan for their operation for charitable uses, indicated the wisdom of giving them not only a share in the net profits but also in the liquidation of any factory. The co-operation of the employees was necessary not only in the good years of business but in the uncertain ones as well. Those who manage the business may lose interest when it appears that for a space of a few years there may be no net profits. Other opportunities may offer greater inducements in the period when the factories will most need their assistance. The testatrix has therefore held out to them the opportunity to participate in the liquidation of the factories when, as and if their liquidation becomes necessary. No employee may participate unless he is then engaged in the active operation of the factories. The opportunity to participate in *168 the proceeds of the sale might very well maintain the active interest of an employee at a time when the permission to participate in profits is no longer valuable.
In the view which this court takes of the will the six key employees are not real beneficiaries of the trust. The right of the charities to income or principal of the trust assets is not conditional upon the prior right of any individual .to enjoy the trust property. The six named persons are to continue as employees so long as their continuance is in the interest of the trust. They are to receive compensation for services rendered and when they no longer render or are able to render services, they are no longer to receive compensation. The charities are the sole beneficiaries of the trust or trusts, and the dedication of the property to charitable uses is the dominating purpose of the testatrix. The vested rights of the charities to income and principal are in no way qualified or conditioned by the rights of. any individual except as the interest of every beneficiary of any trust at all, charitable or individual, is affected by the cost of administering that trust fund.
Insofar as the term of the trust is concerned, the testatrix has not measured the trust by the lives of persons in being at her death. It certainly is not confined to two lives in being. The court holds, however, that the trust is1 for the sole benefit of the charities. A trust for charitable uses is exempt from the operation of the Statute of Perpetuities. (Allen v. Stevens, 161 N. Y. 122; Matter of Griffin, 167 N. Y. 71, 81; Matter of MacDowell, 217 N. Y. 454, 459.) It is true the law does not protect a gift for charitable uses which is to take effect after, a gift for private uses and purposes upon a contingency that may not happen within the statutory period. (Matter of Potts, 205 App. Div. 147, 150 affd. 236 N. Y. 658; Matter of Roe, 281 N. Y. 541.) The gift in such case would be void “ not because the charity could not take at the remote period, but because it tends to create a perpetuity in the individual who is the first taker, by making the estate inalienable by him beyond the period allowed by law. ’ ’ (Matter of Potts, supra, quoting Odell v. Odell, 10 Allen 1, 7.) The court has ruled, however, that there is no bequest or devise to the individual employees which postpones the vesting of the charitable gift.
The court, therefore, holds that the trust or trusts created in paragraphs eighth and ninth are valid.
Those claiming to be distributees of the testatrix attack the validity of the will on another ground. They argue that there is an unlawful direction for accumulation of income of the trust. *169 The eighth paragraph of the will provides in subdivision (e) for distribution of “ a portion of the net profits from the operation of each factory. ’ ’ It directs that at the close of each calendar year the fiduciary furnish a financial statement to each person entitled to any distribution of: the profits of the different factories, and that the executor and trustee “ shall, in his sole judgment and discretion, determine the portion of the net profits to be distributed, having in mind the necessary reserves to be retained out of the net profits and the said distribution shall then be made by my said executor and trustee as set forth above.”
As stated hereinabove, the record in this proceeding does not enlighten us as to the nature of the property and the form in which the testatrix held it. Viewing the testamentary direction by itself and without reference to any extrinsic facts, the court is unable to see any direction for an unlawful accumulation of income. The discretion conferred upon the trustee to distribute less than the entire income must be read in conjunction with the only standard for the exercise of that discretion which is expressed in the will. The portion to be distributed is to be fixed “ having in mind the necessary reserves to be retained out of the net profits ” (emphasis added). If we read the quoted text as meaning the reserves which the law requires or permits (see Matter of Nesmith, 140 N. Y. 609, 614), such a reservation does not amount to an accumulation. We presume that the testatrix intended what is lawful and proper rather than what is illegal or prohibited.
It may very well be that when the text is read against the background of her assets, her manner of doing business and other relevant circumstances, the words would acquire a meaning not now apparent. It is unnecessary at this point definitely to construe this text and to declare all the limits to which the trustee might go in reserving income to meet charges thereon. In view of the present state of the record it would be improper to attempt such a construction. All that we need now determine is that there is nothing on the face of the will that would justify a judicial determination of an illegal direction for accumulation of income. There will be left open to the parties the right to challenge any accumulation that might in fact be made by the executor and trustee or the construction of the text granting such discretion in the light of particular circumstances. Such questions will be reserved for determination when the circumstances permit their presentation.
Submit decree on notice construing the will accordingly.