Leon Schwerzmann, Jr., S.
This is a proceeding for the construction of paragraphs eighth, ninth, tenth and seventeenth of testator’s will.
Under paragraphs eighth, ninth and tenth the testator has made certain bequests “ in trust ” to the “ Trustees, Northern New York Conference of the Methodist Church ”, the income of which is to be paid over to certain churches within the jurisdiction of the conference. By chapter 197 of the Laws of 1873, the trustees of the Northern New York Conference of the Methodist Church, were incorporated as a religious corporation. The corporate charter, in its present form as last amended by chapter 262 of the Laws of 1942, provides in section 4 thereof that one of the purposes of the corporation shall be “ to receive and hold in trust endowment funds of real and personal property for the benefit of local churches within the bounds of the conference. ’ ’
The words of express trust prefacing these gifts are not controlling. A bequest or devise to a religious or charitable corporation in trust to be used for a corporate purpose does not result in a technical trust, but rather passes as an absolute gift to the corporation with an implied agreement on the part of the corporation to carry out the testator’s instructions. (Matter of Griffin, 167 N. Y. 71; St. Joseph’s Hosp. v. Bennett, 281 N. Y. 115; Cadman Mem. Cong. Soc. of Brooklyn v. Kenyon, 306 N. Y. 151.)
Similarly, under paragraph seventeenth of the will, the testator has made a gift to another religious and charitable corporation, the Salvation Army, with the direction that the income shall be used for a children’s lunch program sponsored by the Watertown, New York, unit of that organization. This, too, must be construed as an absolute gift to the Salvation Army to be used by such parent corporation for the purposes indicated by the testator.
Submit decree.